HENRY ALPHIN

*v.*

ADAM M. WORKING.

*Filed at Springfield March 31, 1890.*

1. BUILDING CONTRACTS—*extra materials and labor—liability therefor.* In an action by one employed to erect certain buildings, against his employer, the court instructed the jury, that if the plaintiff furnished extra material and labor for the defendant at his request, *or with his knowledge and consent,* outside of and not included in any special contract, it should be taken into consideration in making their verdict. It was objected that this instruction authorized a recovery for extra work and material, without proof of facts from which a promise to pay might be implied: *Held,* that if the work and material were extra, and

it was understood by the defendant that the labor should be performed and the materials furnished, he would be liable, and that the instruction fixed upon him no greater liability.

2. APPEALS—*reviewing the facts.* On appeal from the Appellate Court, the Supreme Court can not consider any controverted questions of fact.

3. Where there is evidence on the trial tending to prove the issues of fact in favor of the successful party, and the Appellate Court affirms the judgment below, this court must take the affirmance as a finding of the facts as they were found by the trial court.

4. All matters relating to the character, force and effect of the testimony are settled by the judgment of the Appellate Court, and are not open to review in this court; and whether there is a conflict of evidence or not, this court can not reverse the judgment on the ground that issues of fact were improperly decided below, where the judgment has been affirmed by the Appellate Court.

5. The judgment of the Appellate Court is final, not only in respect to the principal and ultimate facts upon which the right of recovery is claimed, but also in respect to the evidentiary and subordinate facts. Nor can this court go behind the judgment of the Appellate Court, and consider what inferences might arise from particular facts appearing in the bill of exceptions.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Hancock county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

This is an action of assumpsit, brought by appellee, against appellant, in the circuit court of Hancock county, to recover for work performed and materials furnished in the erection of certain buildings, and for freight charges on material shipped from Chicago to the place of building; also, for damages sustained by reason of being delayed in the completion of said buildings; also, for a breach of a contract for the erection of a certain dwelling house, whereby plaintiff sustained losses on materials purchased therefor, and which, after said breach, he was compelled to sell at a sacrifice; also, for loss of profits which he could have realized on said contract; also, for extra labor and materials furnished on buildings erected. These several claims were set up in several counts of the declaration, to which were added the common counts. Pleas of the general

issue and set-off having been filed, and issue joined thereon, a trial by jury resulted in a verdict for the plaintiff for $1462.39. Plaintiff entered a *remittitur* of $400, whereupon a motion for new trial was overruled, and judgment entered for plaintiff below for $1062.39. On appeal to the Appellate Court for the Third District, that judgment was affirmed, and defendant below again appeals.

Messrs. MACK & SON, for the appellant:

The verdict is not authorized by the evidence. Speculative damages for not allowing appellee to complete the building contracted for, are not recoverable. *Frazer* v. *Smith*, 60 Ill. 147; *Benton* v. *Fay*, 64 id. 422.

No evidence should have been received of probable profits, as they were purely speculative. *Railroad Co.* v. *Ward*, 16 Ill. 527; 2 Greenleaf on Ev. sec. 250; *Hiner* v. *Richter*, 51 Ill. 300; *Green* v. *Williams*, 45 id. 207; *Blanchard* v. *Ely*, 21 Wend. 342.

As to the allegation necessary to recover special damages, see 1 Chitty, 347; *Myers* v. *Davies*, 17 Ill. App. 228; *Railway Co.* v. *Lynch*, 12 id. 365; *Olmstead* v. *Burke*, 25 Ill. 86; *Chicago* v. *O'Brennan*, 65 id. 160.

Appellee's eighth instruction tells the jury, that "if they believe, from the evidence, that the plaintiff furnished extra material and performed extra work for the defendant, at his request or with his knowledge and consent, outside of and not included in any special contract, * * * it should be taken into consideration in making up their verdict." Material and labor furnished another with his knowledge and consent, without proof of any facts from which a promise to pay for them may be implied, does not create any liability to pay for them. *Campbell* v. *Day*, 90 Ill. 363; *Tascott* v. *Grace*, 12 Ill. App. 639.

Messrs. O'HARA & SCOFIELD, and Mr. W. H. MEAD, for the appellee:

Appellee was entitled to recover for prospective profits when prevented from completing his contract by some affirmative

act of the appellant, or by omission to perform some condition precedent to the further prosecution of the work. *Christian County* v. *Overholt*, 18 Ill. 223 ; *Lyon* v. *Culbertson*, 83 id. 33.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The real controversy between the parties is one of fact, which the judgment of the Appellate Court has settled adversely to appellant. No complaint is made of the rulings of the trial court in admitting or excluding evidence.

In the argument filed in the Appellate Court, objection is urged to instructions 15 and 16 given on behalf of appellee. In view of the evidence introduced on the trial, we see no substantial objection to either of these instructions.

In the argument here, the eighth instruction given on behalf of appellee is criticised, although no objection seems to have been taken to it in the Appellate Court. This instruction informs the jury, that if the plaintiff furnished extra material and labor for defendant, at his request, *or with his knowledge and consent,* outside of and not included in any special contract, it should be taken into consideration in making their verdict. The objection urged to this instruction is, that it authorizes a recovery for extra work and material, "without proof of facts from which a promise to pay for them may be implied." Certainly, if the work and labor were extra, and so understood by the parties, and appellant *consented* that they should be performed and furnished, he would be liable. The instruction fixes upon him no other liability.

The argument of counsel for appellant in this court is mainly directed to the point that the evidence fails to support the judgment below. To maintain this position it is assumed that certain items of plaintiff's claim are included in the judgment, which, it is insisted, were not established by the evidence. We have been called upon so often to apply section 89 of the Practice act to this class of appeals, that a reference to a few

cases will suffice to show that the question thus raised is not open for review in this court.

On appeal from the Appellate Court the Supreme Court can not consider any controverted questions of fact, etc., and the affirmance of a judgment by the Appellate Court is equivalent to a finding of the facts the same as the jury did. *Brownell v. Welch,* 91 Ill. 523; *Germania Fire Ins. Co.* v. *McKee,* 94 id. 494; *Brant* v. *Lill,* 96 id. 608.

Where there is evidence on the trial tending to prove the issues of fact in favor of the successful party, and the Appellate Court affirms the judgment below, this court must take the affirmance as a finding of the facts as they were found by the circuit court. *Hewitt* v. *Board of Education,* 94 Ill. 528; *Sconce* v. *Henderson,* 102 id. 376; *Bennett* v. *Connelly,* 103 id. 50.

All matters relating to the character, force and effect of the testimony are settled by the judgment of the Appellate Court, and are not open for review in this court. *Fitch* v. *Johnson,* 104 Ill. 111.

Whether there is a conflict of evidence or not, this court can not reverse a judgment on the ground that issues of fact were improperly decided below, when the judgment has been affirmed by the Appellate Court. *Insurance Co.* v. *Barrel Co.* 114 Ill. 103.

.The judgment of the Appellate Court is final, not only in respect to the principal and ultimate facts upon which the right of recovery is claimed, but also in respect to the evidentiary and subordinate facts. (*Hamburg-American Packet Co.* v. *Gattman,* 127 Ill. 608, and cases cited.) Nor can the court go behind the judgment of the Appellate Court, and consider what inferences might arise from particular facts appearing in the bill of exceptions. *Montgomery et al.* v. *Black et al.* 124 Ill. 64.

No errors of law appearing in the record, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*