THE ILLINOIS STEEL COMPANY

*v.*

THE PREBLE MACHINE WORKS COMPANY.

*Opinion filed December 20, 1905—Rehearing denied Feb. 21, 1906.*

1. EVIDENCE—*when receiver's inventory is admissible.* In an action by a receiver for damages for breach of a contract to sell a quantity of pig iron to plaintiff's insolvent, if the defendant claims the contract was sold with other assets of the insolvent at the receiver's sale,—the only evidence in support of such claim being the petition, order of sale, report of sale and order of approval,—the receiver's itemized inventory is admissible to show what was included in the term "assets," as used in the order of sale.

2. SAME—*when error in permitting witness to state a conclusion is not harmful.* Permitting the plaintiff in an action for breach of contract to state that the contract was not sold with other assets of his insolvent at the receiver's sale, although a statement of a conclusion, is not prejudicial, where the trial was without a jury.

3. APPEALS AND ERRORS—*when a finding of fact is conclusive.* A finding, as a question of fact from the evidence, by the trial court and the Appellate Court that a certain contract was not sold at a receiver's sale with the other assets of the insolvent, is conclusive upon the Supreme Court if based upon competent evidence.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. O. P. THOMPSON, Judge, presiding.

This was a suit in assumpsit, brought in the circuit court of Cook county in the name of the Preble Machine Works Company (hereinafter referred to as the machine company) by James M. Arnold, its receiver, against the Illinois Steel Company, (hereinafter referred to as the steel company,) to recover damages for a breach of contract. The case was tried before the court without a jury, and a judgment was rendered in favor of the machine company for $3315. The steel company sued out a writ of error from the Appellate Court for the First District, where the judgment of the cir-

cuit court was affirmed, and it now brings the cause to this court by appeal.

The cause of action is the alleged breach of a written contract made on December 31, 1898, between the machine company and the steel company for the delivery to the former by the latter of one thousand tons of pig iron, at a fixed price per ton, during the year 1899, at such times as the machine company should order the same. Four hundred and thirty-seven tons were ordered prior to February 16, 1899. On that date a receiver was appointed for the machine company by the superior court of Cook county. On March 16, 1899, the receiver filed an inventory in court showing the assets of the company which had come to his hands. On the 20th day of the same month he presented a petition to the superior court praying for an order to sell such assets, and on the same day an order was made granting the prayer of the petition. Thereafter the receiver reported to the court that he had made sale of the assets, as directed by the order, to the Union Trust Company, conditioned upon its approval by the court.

Subsequent to these proceedings the receiver presented another petition to the superior court, in which he represented that he had discovered another asset of the machine company, being the contract with the steel company above mentioned, which was not included in his inventory and was not sold with the other assets to the Union Trust Company. This petition prayed for an order to purchase from the steel company the amount of pig iron remaining due under the contract, and for a further order to sell the same at a price which had been offered in advance of the contract price. An order was made granting the prayer of this petition. The receiver ordered the pig iron but the steel company refused to deliver it, claiming that the contract had passed with the sale of the other assets to the Union Trust Company. Thereupon this suit was commenced. The judgment rendered by the circuit court is the difference between the contract price

and the market price of five hundred and sixty-three tons of pig iron on May 31, 1899, the day on which the breach of contract is alleged to have occurred.

On the trial the circuit court, over the objection of the steel company, admitted the receiver's inventory in evidence, and also permitted the receiver to testify that the contract was not included in any item of the inventory and was not sold with the other assets to the Union Trust Company. The admission of this evidence is assigned as error.

KNAPP, HAYNIE & CAMPBELL, for appellant.

GALE BLOCKI, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defense to this suit, as set up by appellant's plea in the trial court, was that the machine company, through its receiver, had sold the contract in question to the Union Trust Company. The only evidence of such sale produced by appellant upon the trial was the petition, order of sale, report of sale and order approving sale. The petition stated that the assets, as shown by the receiver's inventory, amounted to $23,213.88, of which $15,086.08 was personal property and $7184.67 bills receivable, and that such assets could probably be sold at a sum nearly equal to their appraised valuation. The prayer of the petition was for an order to sell such assets. The order, based upon this petition, directed the receiver to sell at public sale, as a whole, the assets of the machine company, including all personal property, book accounts, good will of business and the charter, but provided that he should not conclude the sale unless he should receive for said assets at least three-fourths their appraised value as fixed by the inventory.

Appellee, over the objection of appellant, introduced in evidence the inventory, which set out in detail the articles of personal property, more than two hundred in number,

which make up the $15,086.08 stated by the petition to be the value of the personal property. The contract is not mentioned among those items and could not have been included in any of them because of their nature. The other items shown are, "cash on hand," $131.66; "on deposit," $811.47; and "good accounts uncollected, as taken from the books of the Preble Machine Works Company," $7184.67.

Appellee also introduced in evidence the testimony of the receiver to the effect that the contract was not included in the item "good accounts uncollected" or in any other item in the inventory, and was not sold with the other assets to the Union Trust Company.

Upon this evidence both the circuit court and the Appellate Court for the First District found the issue made by the pleadings, viz., was the contract sold to the Union Trust Company with the other assets?—in favor of the appellee, and the finding of that court on that question of fact, based upon the evidence before it, is conclusive here. *Alphin* v. *Working,* 132 Ill. 484; *New York Life Ins. Co.* v. *People,* 195 id. 430.

The only question that can be considered by this court is whether the finding of fact is based on incompetent evidence.

Appellant urges that the inventory should not have been received in evidence to explain what was included within the term "assets" as used in the order of sale, because that term has a definite meaning, and an order or judgment of a court having jurisdiction to render the same cannot be impeached by extraneous evidence. We do not think that the inventory can be considered as varying or contradicting the terms of the order. The filing of the inventory and petition and the making of the order were all successive steps taken in one proceeding pending in the superior court for the management of the affairs of the machine company through an officer of that court. Each step was dependent upon the preceding one. It is therefore but logical that the petition for sale of the assets should have reference only to

the assets as listed by the receiver in his inventory, and that the order should apply to such assets only. Both the order and petition on which it is based show on their face that the assets referred to are those named in the inventory. The petition refers to the assets as amounting to a certain sum as shown by the inventory, and the order directs a sale of such assets provided they shall bring at least three-fourths their appraised value as fixed by the inventory. It is as manifest that the word "assets," as used in the petition and order, refers to the assets mentioned in the inventory, as though the items listed in the inventory had been specifically set out in the petition and order.

We are therefore of opinion that the inventory was properly received in evidence to show what was included in the term "assets," as used in the order of sale.

The testimony of the receiver to the effect that the contract was not included in the term "good accounts," or any other item of the inventory, is also said to have been incompetent. That testimony had reference merely to what was conclusively apparent from an inspection of the inventory, namely, that the contract was not included in any item of that instrument. It therefore was no additional aid to appellee's contention that the contract was not sold, and its admission, if error, was not prejudicial.

Although the conclusion stated by the witness that the contract was not sold with the other assets to the Union Trust Company was improper to be given in evidence, yet we think that its admission was harmless error in view of the fact that the trial was before the court without a jury, and that such statement could not have affected the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*