No. 8626.

## THE PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COMPANY ET AL. *v.* THE TOWN OF ELWOOD ET AL.

COSTS.—*Judgment.*—*Injunction.*—Where a judgment is rendered for the costs of "suit laid out and expended, taxed at $ ——," the omission to fill the blank is immaterial and affords no cause for enjoining the collection of the judgment.

SAME.—*Taxation of.*—*Practice.*—The taxation of costs is a ministerial and not a judicial act, and, under section 38 of the fee and salary act, of 1875, clerks of the courts were authorized to tax fees as their services were rendered, and this authority extended to services rendered by any other person in the several courts.

From the Madison Circuit Court.

*N. O. Ross*, for appellants.

NIBLACK, J.—On the 22d day of January, 1878, in a suit then pending in the Madison Circuit Court, in which the Pittsburgh, Cincinnati and St. Louis Railway Company was plaintiff, and the Town of Elwood and Ramsey Moore, its marshal, were defendants, that court rendered a judgment restraining and enjoining the defendants from collecting certain taxes which had been assessed upon the taxable property of said plaintiff in the Town of Elwood, and against the defendants, for the costs and charges by the plaintiff in that "suit laid out and expended, taxed at $——." On the 25th day of November, 1878, Jesse L. Henry, as the clerk of that court, issued an execution against the property of the defendants, and upon that judgment for the costs, which it is claimed had accrued up to that date, and delivered the same to Thomas J. McMahan, as the sheriff of the proper county. The execution was accompanied by a fee bill, or itemized and certified statement of the costs taxed against the defendants, amounting in the aggregate to the sum of $55.70.

This was an action by the Town of Elwood and Ramsey Moore, the defendants in the former suit, against the Railway Company and Jesse L. Henry and Thomas J. McMahan,

above named, to enjoin the collection of the judgment for costs, rendered as above set forth, upon the theory that such judgment was void, because of the blank space left in it for the amount of costs, apparently thereafter to be filled up before the record of it was signed by the judge who caused it to be entered. The court tried the cause, and upon the production of the judgment and execution in evidence, and some other merely formal proof, made a finding for the plaintiffs, and, over a motion for a new trial, entered judgment against the Railway Company and the said Henry and McMahan, perpetually restraining and enjoining them, and all others acting under their authority, from enforcing the collection of said judgment for costs, either by execution or otherwise.

The question for decision is, was the finding of the court sustained by sufficient evidence?

Under our system of jurisprudence, the taxation of costs has always been a ministerial and not a judicial act, and officers entitled to charge costs have been authorized to tax such costs, from time to time, as the services for which they may be taxed shall be rendered.

By section 38 of the act of March 12th, 1875, concerning fees and salaries, which was in force at the time the judgment in the original action was rendered, clerks of all courts were authorized to tax all fees as the services were rendered. 1 R. S. 1876, p. 478. This authority extended to services rendered by any other persons in the several courts.

In this State the usual and better practice has always been to render judgment generally for costs in favor of the party entitled to recover the same, leaving it to the clerk to tax the costs which have accrued or may thereafter accrue in the action, from the books, records and papers in his office, but reserving to the court the power to re-tax such costs, and make general orders concerning the same when a proper case has been presented for the exercise of such a power.

If, therefore, the blank in the original judgment, as to the amount of costs to be recovered, had been filled with a spe-

cific sum, all that pertained. to such specific sum would have been surplusage merely, and would not have added anything to the validity of the judgment. The omission to fill the blank was consequently an immaterial omission, affording no cause for enjoining the collection of the judgment. *Palmer* v. *Glover*, 73 Ind. 529.

Our conclusion is that the finding of the court was not sustained by the evidence.

The judgment is reversed, with costs, and the cause remanded for further proceedings.