PRANKE, Respondent, vs. HERMAN, Appellant.

*March 21 — April 8, 1890.*

*Replevin: Justification: Agency: Possession.*

1. In replevin the fact that the defendant took and detained the prop. erty as agent of another is no justification unless he shows a right thereto in his principal.

2. An action of replevin in the *cepit* will lie against one who has unlawfully taken into his possession the property of another, although at the commencement of the action the possession may not be in the defendant.

APPEAL from the Circuit Court for *Waupaca* County. The facts are stated in the opinion.

For the appellant the cause was submitted on the brief of *Benj. M. Goldberg.* To the point that replevin will lie only against one having, at the time the suit is begun, either actual or constructive possession and control of the property, he cited *Timp v. Dockham,* 32 Wis. 146; *Libby v. Murray,* 51 id. 371; *Johnson v. Garlick,* 25 id. 705; *Grace v. Mitchell,* 31 id. 533.

For the respondent there was a brief by *F. M. Guernsey,* attorney, and *Gerrit T. Thorn,* of counsel, and oral argument by *Mr. Thorn.*

TAYLOR, J. This is an action of replevin to recover a cow and a harness alleged to have been wrongfully taken from the possession of the plaintiff and unlawfully detained by the defendant, *Herman.* The action was commenced in justice's court. The officer serving the writ returned that he could not find the property described therein. On the trial in the justice's court the plaintiff recovered a judgment for the value of the cow and harness. The defendant appealed to the circuit court, and upon a retrial of the case in that court the plaintiff again recovered, and the defendant appeals to this court.

On the trial in the circuit court the defendant admitted that the plaintiff was the owner of the cow and harness, and rested his defense solely on the ground that he had not taken or detained the property. Upon reading the testimony taken on the trial in the circuit court, it was clearly a question of fact, and not of law, whether the defendant had unlawfully taken and detained the property of the plaintiff. There was no dispute upon the question of the right of the defendant to take or detain the property. It was admitted that he had no such right, but he denies that there is any evidence that he in fact took or detained the same. The counsel for the appellant seem to argue that because, in taking and detaining the property in question, he acted as the agent of one Mrs. Goldberg, therefore he cannot be held liable for such taking and detention in this action. In the absence of any evidence showing that Mrs. Goldberg had any lawful right to take the property of the plaintiff, there can be no justification for the defendant's taking the same as her agent. The proof shows that the defendant did the actual taking, and, having failed to show any right, either in himself or in the person for whom he was acting as agent, to take or detain the property, such taking and detention was clearly unlawful, and the taking was a sufficient interference with the plaintiff's property to entitle him to bring an action of replevin in the *cepit* for the recovery of the property, or the value thereof in case the property cannot be found by the officer serving the writ. *Dudley v. Ross*, 27 Wis. 679; *Grace v. Mitchell*, 31 Wis. 533, 537; *Gallagher v. Bishop*, 15 Wis. 276; *Williams v. Morgan*, 50 Wis. 548–550; *Timp v. Dockham*, 32 Wis. 151; *Johnson v. Garlick*, 25 Wis. 705. The effect of all these decisions is that an action of replevin in the *cepit* will lie against one who has unlawfully taken into his possession the property of another, although the possession of such property at the time of the commencement of the action may not be in the defendant.

We think there was sufficient proof in this action to justify the court and jury in finding that the defendant unlawfully took possession of the property of the plaintiff, as alleged in the complaint.

*By the Court.*— The judgment of the circuit court is affirmed.