Filed Nov. 21, 1890.

---

No. 14,376.

EATON ET AL. *v.* MARKLEY ET AL.

EXECUTION.—*Judgment for Costs.—Interest.—Injunction.*—A judgment for costs draws interest. Where an execution has been issued on a judgment for costs the collection of such execution will not be enjoined on the ground that the execution is for a greater sum than the costs taxed, where the interest on the judgment remains unpaid.

From the Wells Circuit Court.

*J. S. Dailey, L. Mock* and *A. Simmons,* for appellants.
*E. R. Wilson* and *J. J. Todd,* for appellees.

COFFEY, J.—This was an action brought by the appellees against the appellants in the Wells Circuit Court to enjoin the collection of a judgment for costs.

The complaint alleges, substantially, that, on the 21st day of September, 1883, the appellants recovered a judgment for costs against the appellees in the Wells Circuit Court in an action then pending therein, which said costs amounted to

the sum of two hundred and sixty-seven dollars and thirty cents; that, on the 14th day of January, 1884, an execution was issued on said judgment by order of the appellants and placed in the hands of the sheriff of Wells county for the sum of nine hundred and six dollars, commanding him to collect that sum by levy and sale of the property of the appellees, when, in fact, there was due and owing on said judgment the sum of two hundred and sixty-seven and thirty hundredths dollars, and no more; that, on the 15th day of February, 1884, the appellees paid said sheriff on the execution so issued to him the sum of two hundred and sixty-seven and thirty hundredths dollars in satisfaction of said judgment and execution, together with the further sum of eight and thirty-six hundredths dollars, his percentage and accrued costs thereon, being in full satisfaction of all that the sheriff or appellants were entitled to legally claim or collect on the said judgment or execution; that notwithstanding such payment said sheriff claims that he is authorized and required to collect the full sum of nine hundred and six dollars on said execution, and has levied the balance appearing to be due on said writ of the property of the appellees, and will sell the same unless enjoined from so doing.

To this complaint the court overruled a demurrer, and upon issue joined the cause was tried by the court, resulting in a finding and decree for the appellees, forever enjoining the appellants from any further attempts to enforce said judgment, and declaring the same satisfied.

The appellants sought, by proper motion, to have the decree so modified as to enjoin the collection of the execution in the hands of the sheriff only, leaving them at liberty to retax costs and take a new execution, but their motion was denied.

The errors properly assigned in this court are :

*First.* That the court erred in overruling the demurrer to the complaint.

*Second.* That the court erred in overruling the motion of the appellants for a new trial.

*Third.* That the court erred in overruling the motion of the appellants to modify the decree.

In our opinion the court erred in overruling the demurrer to the complaint. It is a familiar rule that a suitor who seeks equitable relief must affirmatively show in his complaint that he has first offered to do equity ; otherwise he has no standing in court. *Mc Whinney* v. *Brinker,* 64 Ind. 360 ; *Lancaster* v. *Du Hadway,* 97 Ind. 565 ; *Rowe* v. *Peabody,* 102 Ind. 198 ; *Roseberry* v. *Huff,* 27 Ind. 12 ; *City of South Bend* v. *University of Notre Dame, etc.,* 69 Ind. 344 ; *Stilz* v. *City of Indianapolis,* 81 Ind. 582 ; *Cauldwell* v. *Curry,* 93 Ind. 363 ; *Jones* v. *Ewing,* 107 Ind. 313.

As a result of this rule it has been held that an execution defendant can not maintain an action to enjoin the collection of an execution until he has first paid, or offered to pay, all there is due on such execution. *Russell* v. *Cleary,* 105 Ind. 502.

In the case last cited, which was an action to enjoin the collection of an execution issued on a judgment for costs, this court said : " What we do decide is, that where an execution has been issued on a judgment which is confessedly right as to part of its amount, the execution defendant can not enjoin the collection of such execution until he has first paid, or tendered that part thereof which is admitted to be right."

It is settled in this State, that a judgment for costs draws interest. *Church* v. *Hay,* 93 Ind. 323 ; *Hansford* v. *Van-Auken,* 79 Ind. 302 ; *Palmer* v. *Glover,* 73 Ind. 529.

The costs recovered by a judgment plaintiff constitute a part of the judgment on the cause of action. A judgment for costs belongs to the party who recovers it, upon the theory that he has paid, or is liable to pay, the costs as they accrue.

In this case, it appears by the complaint, that the appel-

lants recovered a judgment against the appellees, in the Wells Circuit Court, for the sum of two hundred and sixty-seven dollars and thirty cents costs, on the 21st day of September, 1883. On the 15th day of February, 1884, the appellees paid to the sheriff, holding an execution on this judgment, the sum of two hundred and sixty-seven dollars and thirty cents, and no more, which they claim was all that he was entitled to collect. In other words, the appellees seem to have acted upon the erroneous theory that a judgment for costs does not draw interest. It thus appears that at the time this suit was commenced, a part of the judgment confessed by the complaint to be right, remained unpaid. For this reason the demurrer of the appellants to the complaint should have been sustained.

Having arrived at the conclusion that the complaint in this case is not sufficient to entitle the appellees to an injunction, it becomes unnecessary to consider the other errors assigned.

Judgment reversed, with directions to the circuit court to sustain the demurrer to the complaint.

Filed Sept. 18, 1890; petition for a rehearing overruled Nov. 21, 1890.