MARTIN J. SCHOTT

v.

CHARLES S. YOUREE, for use, etc.

*Filed at Mt. Vernon June 18, 1892.*

1. REPLEVIN BOND—*action against surety—plea of allowance of claim against the assignee of the principal, as an insolvent debtor.* To an action upon a replevin bond the surety thereon pleaded, that after the making of the bond and the dismissal of the replevin suit, the creditor for whose use the suit was brought filed such bond and his claim for damages in the county court, against the assignees of the principal makers of the bond and such principal, and on appeal to the circuit court recovered judgment for the amount of said bond, with costs, to be paid on the due settlement of the assigned estate of the principal makers: *Held,* that the plea presented no defense, the right of action on the bond not being merged by such judgment against the insolvent's estate, and that it becomes satisfied only to the extent of the dividends actually paid by the assignees.

2. SAME—*plea of release of surety by failure of creditor to file his claim against the assignee of the principal under the Insolvent Debtor's act.* In the same case the surety pleaded that R. & Co., for whom he was surety in the bond, failed in business, and assigned all their property to assignees for the benefit of their creditors, of whom the person for whose use the suit was brought had notice; that it thereupon became his duty to file his claim with the assignees; that he failed to do so; that if he had done so he could have realized $2000 on the claim, wherefore he is released to that amount: *Held,* that the effect of this, at most, was but to charge mere passive delay upon the creditor, which will not bar an action at law against the surety.

3. SAME—*plea that the property replevied was destroyed by fire no defense to an action on a replevin bond.* In an action on a replevin bond, a plea that the property was accidentally burned after it was replevied, and therefore it was impossible to make return of it in accordance with the judgment in the replevin suit, presents no legal defense.

4. SAME— *transcript of record of replevin suit after change of venue competent evidence to show breach of the condition.* In an action on a replevin bond for breach of the conditions to prosecute the replevin suit with effect, and to return the property on dismissal, etc., under the plea of *nul tiel record,* a transcript of the record of the court of a different county to which the venue was changed, showing the change of the venue and the dismissal of the suit for want of prosecution, and avoiding a return of the property replevied, and also showing jurisdic-

tion of the subject matter and of the parties, is admissible in evidence on the part of the plaintiff.

5. The surety in a replevin bond contracts with reference to the action of his principal in prosecuting the replevin suit, and he is therefore concluded by the judgment orders made in that suit; and the record showing a change of venue and judgment of dismissal, with an order for the return of the property, is conclusive evidence against him of the breach of the conditions of his bond.

6. SAME—*made to a public officer—who may sue.* The officer taking the bond, and who brings the suit for the breach of its conditions, legally represents all parties beneficially interested in the recovery in such suit, and all legal defenses that may be interposed as against any interest must be interposed to his suit.

7. Public officers can maintain an action as successors only when expressly authorized so to do by statute. At common law, a suit on a bond payable to one and his successor or assignee can be maintained only by the obligee during his lifetime, and by his executor or administrator after his death.

8. There is no authority to make a replevin bond payable to the successor of the officer taking the same, nor for a successor to bring suit on a bond taken by his predecessor. If taken to a coroner and his successor in office, the word "successor" is without meaning or effect, and may be treated as surplusage, that the pleader may disregard.

9. SAME—*suit thereon—statement for whose use, immaterial.* The statement of the use for which the suit is brought is merely to enable the court to know who is equitably entitled to control the suit; and if no use be stated, or it be inaccurately stated, the duty of the plaintiff to distribute the proceeds of the judgment, being prescribed by statute, will be wholly unaffected. He must, whatever he may state the use to be, distribute the proceeds of the judgment to those injured by the breach of the bond, and, in case of several being thus injured, with relative proportion to their several respective injuries.

10. In an action on a replevin bond so much of the declaration as alleges for whose use the suit is brought is no part of the count in which the bond is described and its breach alleged. That allegation does not present an issuable fact, and no evidence is necessary to support it, and none is admissible in denial of it.

11. Since the defendant litigates all questions with the party bringing the suit,—that is, interposes all defenses he may have against any and every recovery because of the breach of the bond,—it is manifestly of no concern to him how the proceeds of the judgment shall be distributed.

12. The defendant in a suit on a replevin bond will not be entitled to have all the evidence excluded merely because the suit is not brought

for the use of the sheriff (defendant in the replevin suit) instead of for the use of the plaintiff in the execution under which the levy was made by the sheriff, as the defendant has no interest in the question of who is the proper usee.

13. SAME—*defense to. an action thereon—no damages sustained.* In an action by the officer taking a replevin bond, the defendant on the trial may resist the recovery of damages and costs, on the ground that they have not been sustained in consequence of the breach of the condition.

14. EVIDENCE — *action on a replevin bond —competent evidence under a plea of title in the plaintiff in replevin.* Where the defendant in an action on a replevin bond, for the purpose of mitigating the damages, pleads title in the plaintiff in the replevin suit, upon which issue is joined, it is competent on that issue for the plaintiff to show title in the sheriff (the defendant in replevin) by virtue of executions in his hands.

15. SAME—*transcript certified by circuit clerk by one acting as deputy.* A transcript of the circuit court record, in due form and under the seal of the court. is admissible in evidence, although it is attested in the name of the clerk by one acting as his deputy.

16. The statute authorizes the clerks of the circuit courts to appoint deputies, and the authority given by law to a ministerial officer is given to the incumbent of the office or to the principal, and not to the deputy, and it may be executed by the principal, either by himself or his deputy.

17. ESTOPPEL —*plaintiff and his surety in replevin estopped to deny allegations in the affidavit and bond when sued on the bond.* Where a plaintiff in replevin, both in his affidavit and his replevin bond, describes the property replevied as "goods and chattels," this will estop him and his surety in the bond from afterward denying that the property was personal property, when sued on the bond.

18. PLEADING— *action on replevin bond—essential averments.* In an action on a replevin bond given in an action of replevin against the sheriff, it is not necessary to aver in the declaration that the sheriff held certain executions, under which he had made a levy. It is sufficient to allege the execution and delivery of the bond, and a breach of its condition, by a judgment in the plaintiff's favor in the replevin suit, and a failure to return the property.

19. VARIANCE—*waived if not pointed out at trial.* A variance between the record of a judgment in a replevin suit and the declaration on the replevin bond, in stating the names of the parties to the replevin suit, is waived if the objection is not pointed out at the time, so as to afford an opportunity to obviate the same by amendment of the declaration or the introduction of further evidence.

Appeal from the Appellate Court for the Fourth District;— heard in that court on writ of error to the Circuit Court of Madison county; the Hon. B. R. Burroughs, Judge, presiding.

Mr. A. W. Metcalfe, for the appellant:

The bond was not admissible in evidence, *non est factum* being pleaded. It is declared on a bond in the name of the late coroner, and when produced it is to his successor in office, and the suit should have been brought in the name of his successor. *Mix*₃v. *People*, 92 Ill. 549; *Higgins* v. *Lee*, 16 id. 495.

The bond was not admissible in evidence under the declaration, for that contains but one count,—damage for not returning the property to Hotz & Brunschweiller,— and there is no averment that Gruaz, the usee, had any interest in the bond.

The court erred in admitting in evidence the record of the pretended change of venue to Jersey county. (2 Starr & Curtis' Stat. 2448, 2449.) The first section gives a change for the prejudice, etc., but a change can only be obtained on a petition. The change of venue was without authority of law.

That the change allowed by the judge under said law, in the first part of the first section of the act, is where he is interested in the suit, or his testimony is material to either of the parties, or he is related to or shall have been counsel for either party. In regard to the matter in controversy, the other sections, by parity, require a petition, verified by affidavit. Plaintiff in error is surety, having never been a party in court, and should be protected. *Myers* v. *Walker*, 31 Ill. 353; *Hudson* v. *Handson*, 75 id. 198.

Application for change of venue should be by petition, verified by affidavit, and it can not be done by filing a mere motion for that purpose. *Littleton* v. *Allington*, 93 Ill. 53.

The record of the court in Jersey county, and the writ of *retorno habendo*, were certified by the clerk, J. R. McGready, by L. Laurent, deputy, under seal of court, which is not in compliance with the statute. Hurd's Stat. of 1887, sec. 13.

All the papers in the suit of Timothy Gruaz against the Highland Mechanical Works were improperly admitted in evidence under the declaration, as there is no averment in it to connect that case with George Hotz, and they were immaterial and irrelevant so far as his rights were concerned. If they desired to introduce evidence of title in Gruaz, a foundation must be laid for it by a proper averment.

The court erred in not sustaining the motion of plaintiff in error to exclude all defendant in error's evidence, and to dismiss said suit on conclusion of his evidence in chief. The two points in the motion are the variance, and that the suit must be for the use of the sheriff, and not Gruaz. Some authorities in support of this motion have already been presented, but I also present these : *Blatchford* v. *Boyden*, 122 Ill. 657; *Bartelott* v. *International Bank*, 119 id. 268; *Alexander* v. *Cunningham*, 111 id. 515; *Pynchon* v. *Day*, 118 id. 12; *Railroad Co.* v. *Carey*, 115 id. 117; *Whitford* v. *Drexel*, 118 id. 602; *Ayers* v. *Chicago*, 111 id. 411.

A surety is discharged if the creditor negligently loses the security for the debt. Brandt on Suretyship, 521, 523, 524, 528.

The declaration counts alone on a failure to return the property. The plea that the goods, without fault, were destroyed by fire, is a good plea. Recovery must be had, if at all, on the averments in the declaration. *Moore* v. *Crocker*, 10 Humph. 365; *Green* v. *Smith*, 4 Col. 440; *Morely* v. *Baker*, 2 Sneed, 367; *Bryan* v. *Spurgin*, 5 id. 685; *Vinyard* v. *Barnes*, 124 Ill. 349.

A judgment against one of several makers of a note releases those who are not sued. *Mitchell* v. *Brewster*, 28 Ill. 163; *Thompson* v. *Emmert*, 15 id. 415; *Moore* v. *Rogers*, 19 id. 347.

The law affords two distinct remedies to the obligee : one by a joint action against all the obligors, and the other by a several action against each. *People* v. *Harrison*, 82 Ill. 84.

Messrs. WISE & McNULTY, for the appellee:

Suit on the replevin bond was properly brought in the name of Youree, late coroner, notwithstanding the bond was to him "and his successors in office." *Miller* v. *Kingsbury,* 128 ·Ill. 45; *Petrie* v. *Fisher,* 43 id. 442; *Stevens* v. *Hay,* 6 Cush. 230; *Overseers* v. *Sears,* 22 Pick. 126; *Jansen* v. *Ostrander,* 1 Cow. 677; *Ferebee* v. *Sanders,* 3 Ired. 361; *Hoxie* v. *Weston,* 19 Me. 322; *Polk* v. *Plummer,* 2 Humph. 502.

In an action on a replevin bond it is not necessary that the one for whose use the suit is brought should have any interest in or connection otherwise with the subject of the suit. *Atkins* v. *Moore,* 82 Ill. 240; *Buckmaster* v. *Beames,* 4 Gilm. 443.

All the property in controversy was levied on under Gruaz' execution as personal property, but nothing was removed or detached, a custodian being simply placed in charge. Under these circumstances, F. Ryhiner & Co. replevied the articles as personal property, instead of enjoining the sheriff from further proceedings or suing him as a trespasser on real estate, and they are now estopped from claiming the articles were not personal property. *Fahnestock* v. *Gilham,* 77 Ill. 637; *Bates* v. *Williams,* 43 id. 494.

If the circuit court of Madison county erred in ordering the change of venue in the replevin suit to the circuit court of Jersey county, its order was not a nullity, and was never excepted to or any steps whatever taken by F. Ryhiner & Co., in either court, to have the order set aside or the case returned to· the court in which the order is made. *Hitt* v. *Allen,* 13 Ill. 592; *Johnson* v. *VonKettler,* 66 id. 63; *Flagg* v. *Robert,* 67 id. 485.

The objection now urged that there is a variance in the certificate of the clerk to the writ of *retorno habendo* was not made in the circuit court, and can not now be insisted upon. Counsel simply objected to the introduction of the document, without stating upon what ground. *Benefield* v. *Albert,* 132 Ill. 665; *Montague* v. *Selb,* 106 id. 59; *Espen* v. *Hinchliffe,* 131 id. 468.

But the variance, if any, is not fatal.  *Phillips* v. *Coffee,* 17 Ill. 157; *Hayes* v. *Bernard,* 38 id. 303.

The loss by fire of the replevied property while in the possession of Ryhiner & Co. under the writ of replevin will not relieve the obligors on the replevin bond from the payment of the value of the goods.  Wells on Replevin, secs. 600, 601, 602; *Suydam* v. *Jenkins,* 3 Sand. 644; *Carroll* v. *Early,* 4 Bibb. 270; *Welch* v. *Stiles,* 47 Iowa, 167; *Brown* v. *Johnson,* 45 Cal. 76; *White* v. *Ross,* 5 S. & P. 123; *Skipper* v. *Hargrove,* 1 Martin, 76; *Austin* v. *Jones,* 1 Va. 341; *Scott* v. *Hughes,* 9 B. Mon. 106; *Betts* v. *Taylor,* 8 Port. 575; *Bell* v. *Pharr,* 7 Ala. 813; 2 Sedgwick on Measure of Damages, (7th ed.) 429; *Suppiger* v. *Gruaz,* 137 Ill. 216.

Mr. Justice Scholfield delivered the opinion of the Court:

This appeal is from a judgment of the Appellate Court for the Fourth District, affirming a judgment of the circuit court of Madison county, in favor of Charles S. Youree, late coroner of that county, for the use of Timothy Gruaz, against Martin J. Schott, on a replevin bond executed by him, as surety, for F. Ryhiner & Co., as principals.

*First*—The bond is executed to "Charles S. Youree, coroner of the county of Madison, in the State of Illinois, and to his successors in office, executors, administrators and assigns." It is contended that, inasmuch as Youree did not succeed himself in office, this suit is improperly brought, and there is a variance between the bond described in the declaration, which omits the words "and to his successors in office," and that offered in evidence.

Public officers can maintain an action as successors only when expressly authorized so to do by statute.  "By the common law, a suit on a bond payable to one and his successors or assigns, can be maintained only by the obligee during his life, and by his executors or administrators after his death." There are exceptions to the rule, but they are not pertinent

here. *Stevens et al.* v. *Hay,* 6 Cush. 220; *Lord* v. *Lancey,* 8 Shepley, (21 Me.) 468; *Ferbee* v. *Sanders,* 3 Ired. L. 360; *Hoxie* v. *Weston,* 19 Me. 322. Our statute simply requires, that before the execution of any writ of replevin "the plaintiff, or some one on his behalf, shall give to the sheriff, constable or other officer, bond," etc. (Chap. 119 of Rev. Stat. of 1874, entitled "Replevin," sec. 10.) The eleventh section requires that he shall return the bond so taken, to the clerk, etc.; and the twenty-fifth section provides, that "if, at any time, the condition of the bond required by section 10 of this act shall be broken, the sheriff, constable or other officer, or plaintiff, in the name of the sheriff, to his own use, as the case may be, may sue and maintain an action on such bond," etc. There is, therefore, plainly, no authority to make the bond payable to the successor, and no authority for a successor to bring suit on a bond taken by his predecessor. The words "successors in office" are, therefore, in that connection, without legal meaning or effect, and are mere surplusage, that the pleader rightly disregarded. (1 Chitty's Pleading, 262, *263.) And so, in our opinion, the suit was properly brought, and there was no variance between the allegations and the proofs in the respect contended.

*Second*—The writ of replevin was issued against George Hotz, sheriff of Madison county, and Jacob Brunschweiller, who was the sheriff's custodian of the property, and it is contended that there is a variance between the allegations and the proofs, because the suit is brought for the use of Timothy Gruaz instead of for that of George Hotz. But the bond in evidence and the bond declared on are precisely the same, in legal effect. So much of the declaration as alleges for whose use the suit is brought is no part of the count in which the bond is described and its breach alleged. That allegation does not present an issuable fact, and no evidence is therefore necessary to support it and none is admissible in denial of it. The statute provides (sec. 25, *supra,*) that the action on the bond

may be maintained by the officer taking the bond, "for the recovery of all such damages and costs as may have been sustained in consequence of the breach of the condition." Necessarily, then, the defendant may, on the trial, resist the recovery of damages and costs on the ground that they have not been sustained in consequence of the breach of the conditions. The officer taking the bond, and who brings the suit for the breach of its conditions, legally represents all parties beneficially interested in recovering in such suit, and all legal defences that may be interposed as against any interest must be interposed to his suit. The statement of the use for which the suit is brought is merely to enable the court to know who is equitably entitled to control the suit, and if no use were stated, or if it were inaccurately stated, the duty of the plaintiff to distribute the proceeds of the judgment, being prescribed by statute, would be wholly unaffected. He must, whatever he should state the use to be, distribute the proceeds of the judgment to those injured by the breach of the bond, and, in the case of several being thus injured, in the relative proportion of their respective injuries. But since the defendant litigates all questions with the party bringing the suit,—that is, interposes all defences that he may have, as against any and every recovery, because of a breach of the bond, in the suit brought by the officers taking the bond,—it is manifestly of no concern to him how the proceeds of the judgment shall be distributed. *Buckmaster* v. *Beams et al.* 4 Gilm. 443 ; *Atkins* v. *Moore*, 82 Ill. 240.

But it seems to be supposed by counsel for appellant that *Blatchford et al.* v. *Boyden*, 122 Ill. 657, lays down a different rule. This is a misapprehension, as an examination of that case will clearly show. In that case, as in this, the property was replevined from the sheriff who held it on execution. One of the executions under which the sheriff held the property was in favor of Robert E. Jenkins, assignee of Josiah R. Butler. Jenkins and the other plaintiff in execution were made de-

16—142 ILL.

fendants, with the sheriff, to the replevin suit, and the bond executed to the coroner upon making the replevin, assumes to describe who are defendants in the replevin suit, but it therein describes Jenkins as assignee of Josiah R. Barker. In the introductory part of the declaration in the suit upon the replevin bond it is said the suit is brought for the use of the sheriff and the plaintiffs in execution, naming each, and the count upon the bond describes it as it was made, but alleges that it is incorrectly therein recited, by mistake, that Jenkins is assignee of Barker,—that, in truth, he is assignee of Butler. It was objected that the bond described in the count and that offered in evidence were not, in legal effect, the same bond, and what was said in the opinion in that case, which counsel refer to as pertinent here, had reference to that question alone. There was no question of any kind in regard to the use alleged in the introductory part of the declaration. The opinion shows that Jenkins was unnecessarily made a defendant in the replevin suit, and his name was unnecessarily mentioned in the replevin bond; that the writ of *retorno habendo* could only be executed by returning the property to the possession of the sheriff, whence it was taken by the writ of replevin, and by whom it must be applied upon the executions by virtue of which he had held its possession; and it was afterwards, among other things, added: "Jenkins and the other plaintiffs in execution are but nominal parties, at most, and their being joined or not, as beneficial plaintiffs, can in no wise prejudicially affect appellant." And this is in entire accord with what we have before herein said.

*Third*—It appears that the plaintiffs in the replevin suit filed a petition in the circuit court of Madison county praying for a change of venue in that suit to some other county, on account of the prejudice of one of the judges of that judicial district who usually presided during terms of the court in that county; that subsequently it was agreed between the counsel of record in that case that the case should be tried in that

county at some future time, by another judge of the district, who was named; that subsequent to that agreement the cause was, at one or more terms of the court, continued generally, and finally, at a subsequent term of court, an order of the court was entered of record that the venue be changed to the circuit court of Jersey county, and that the records, etc., be transmitted to the Jersey circuit court for trial. The records were transmitted to the Jersey circuit court pursuant to the order, and subsequently the suit was dismissed by that court for want of prosecution. It is contended that under the plea of *nul tiel record* the record of this change of venue and dismissal of the case for want of prosecution was not admissible in evidence in this suit.

This does not present the question whether the circuit court erred in ordering that the venue be changed, for that record is not before us on appeal or writ of error. This is an entirely different suit, and that record is only collaterally brought before us as evidence on a question arising in this suit. Whether the evidence was competent for the purpose for which it was offered is the only question, and its materiality not being questioned, and it clearly appearing that the court had jurisdiction of the persons of the plaintiffs in the replevin suit and of the subject matters of the order, the record was properly admitted in evidence. (*Wimberley* v. *Hurst,* 33 Ill. 166; *Graceland Cemetery Co.* v. *The People,* 92 id. 619; *Cooper* v. *Reynolds,* 10 Wall. 308.) The surety in the replevin bond (appellant here) contracted with reference to the action of his principals in prosecuting the replevin suit, and he is therefore concluded, as are his principals, by the judgments and orders made in that suit, so far as the present question is concerned. *Stevens* v. *St. Louis and S. F. Railway Co.* 94 Mo. 317; *Riddle* v. *Baker,* 13 Cal. 295. See, also, 12 Am. and Eng. Ency. of Law, p. 98, sec. 15, and cases cited in note 5; *Gradle* v. *Kern,* 109 Ill. 557.

*Fourth*—The record in evidence is certified in due form, under the seal of the court, but it is signed, "J. R. McGready, clerk, by L. Laurent, deputy," and counsel contend this is not a certificate "under the hand of the clerk of the court," as required by section 13, chapter 51, of the Revised Statutes of 1874, entitled "Evidence and Depositions." But the statute authorizes the clerk of the circuit court to appoint a deputy, (sec. 9, chap. 25, Rev. Stat. 1874, entitled "Clerks of Courts,") and at the common law a deputy has power to do every act which his principal might do. (5 Comyn's Digest, title "Deputy," p. 195.) "The authority given by law to a ministerial officer is given to the incumbent of the office. Authority is not given to the deputy, but to the principal, and is executed by the principal, either by himself or his deputy." (5 Am. and Eng. Ency. of Law, p. 624, and cases cited.) The objection is destitute of merit.

*Fifth*—It is objected that there is a variance between the record offered in evidence and that described in the declaration, in stating both the names of the plaintiffs and of the defendants in the replevin suit. It is a sufficient answer to that objection that it was not made on the trial, where it might have been obviated either by an amendment of the declaration or the introduction of additional evidence. It comes too late when made for the first term in an appellate tribunal. The abstract shows only a general objection, and there was nothing to call the attention of the court to this particular objection. *Benefield* v. *Albert*, 132 Ill. 665; *Espen* v. *Hinchliffe*, 131 id. 468.

*Sixth*—It is objected that all the papers in the suit of Timothy Gruaz against the Highland Mechanical Works were improperly admitted in evidence under the declaration, as there is no averment in it to connect that case with George Hotz, and they were immaterial and irrelevant so far as his rights were concerned. If it be true that these papers were immaterial and irrelevant, it is not perceived how their introduction

in evidence prejudiced appellant. But it was not necessary that there should have been an averment in the declaration connecting the sheriff with that case. The plaintiff in this suit averred sufficient to entitle him to recover when he showed the execution and delivery of the bond, and a breach of its condition by a judgment in his favor in the replevin suit and a failure to return the property. But appellant, for the purpose of mitigating damages, pleaded title in Ryhiner & Co., and upon that, issue was joined, and it was certainly competent, on that issue, to show title in the sheriff by virtue of the execution in the case referred to. The evidence was not offered to sustain the allegations in the declaration, but to rebut the evidence offered by appellant in support of his plea.

*Seventh*—It is objected that a question was permitted to be asked a witness whether the property in controversy was regarded by its former owner, the Highland Mechanical Company, as personal or real estate. It is, in our opinion, impossible that this answer can have done appellant any harm. In both the affidavit for replevin and in the bond in suit the property is described as "goods and chattels," and this estops appellant to now deny that they are such. *Ballou* v. *Jones et al.* 37 Ill. 95; *Fahnestock* v. *Gilham et al.* 77 id. 637.

*Eighth*—It is contended the court should have excluded all the evidence because the suit was not brought for the use of Hotz, the sheriff, instead of for the use of Gruaz, the plaintiff in execution. But it has already been shown that appellant has no interest in this question; that all legal questions are between the coroner, the plaintiff here, and the makers of the bond, and that appellant can set up every legal defense that he has to any suit on this bond, to the suit as thus brought. So that he does not have to pay for damages not within the scope and intent of the bond, nor be subjected to more than one action on account of the breach of the bond in failing to re-

turn the property, it can make no difference to him whether the proper usee is named in the declaration or not.

*Ninth*—The allegation in the fourth plea is, in substance, that the property was burned after it was replevied, and so it was impossible to make return of it in accordance with the judgment in the replevin suit. It is insisted that the court erred in sustaining a demurrer to this plea; but we have expressly held in *Suppiger et al.* v. *Gruaz*, 137 Ill. 216, that this ruling was right.

*Tenth*—It is contended the court erred in sustaining a demurrer to the seventh plea. It is alleged in that plea, "That after the making of the said bond, and after the said supposed change of venue and dismissal of said replevin suit in the county of Jersey, the said Timothy Gruaz, for whose use the suit is brought, filed his bond and his claim for damages in the county court of Madison county, against Frederick B. Suppiger, John H. Herman, Joseph C. Amman and Adolph Ruegger, assignees of F. Ryhiner & Co., the principals, which claim was adjudicated in the county court of Madison county, and an appeal taken by said Gruaz to the circuit court of this county, and at the October term, A. D. 1889, of said court, a judgment was rendered in favor of the said Gruaz, against the said assignees, as aforesaid, for the sum of $4000 with costs of suit, to be paid in due course of the settlement of the assigned estate of F. Ryhiner & Co.; that by the judgment aforesaid the whole debt of $4000 in the bond sued on, has been fully satisfied."

The appellant's contention is, that under the authority of *Mitchell* v. *Brewton*, 28 Ill. 163, *Thompson* v. *Ewert*, 15 id. 415, and *Moore* v. *Rodgers*, 19 id. 347, appellee having thus obtained judgment against three of the obligors upon the bond, he was released. But the doctrine of the cases referred to has application only to judgments in actions at common law, in which the instrument sued upon becomes merged in the judgment. This plea does not set up a judgment in any

action at common law upon the bond, against its principal makers,—but simply a statutory proceeding, pursuant to our statute relating to voluntary assignments, against the voluntary assignees of such makers. Appellant could not have been made a defendant in that proceeding, and the only effect of it is, to compel a distribution of the property of the principal makers of the bond in the hands of their assignees, pursuant to the terms of the deed of assignment. The bond is not merged in the order to the assignees to pay upon it any or all dividends made, or to be made, of the debtor's property in their hands, and it becomes satisfied to the extent, and no farther, that such payments are made. It is wholly for the benefit of appellant, and in no possible view can it result in injury to him. The demurrer was properly sustained.

*Eleventh*—It is insisted the court erred in sustaining a demurrer to appellant's third plea, which was to the effect that Ryhiner & Co., for whom appellant was surety on the bond, failed in business, and assigned all their property to assignees for the benefit of their creditors, of which Gruaz, for whose use this suit is brought, had notice; that it thereupon became his duty to file his claim with the assignees; that he failed to do so; that if he had done so he could have realized $2000 on the claim, wherefore he is released to that amount, etc. The effect of this, at most, is but to charge mere passive delay upon the creditor, and that will not bar an action at law against the surety. Brandt on Suretyship, sec. 329; *Dye* v. *Dye,* 21 Ohio St. 86.

*Twelfth*—All of the other questions discussed in the arguments relate to the character, force and effect of the evidence, and are therefore settled by the judgment of the Appellate Court, and not open to review in this court. *Alphin* v. *Working,* 132 Ill. 484; *Fitch* v. *Johnson,* 104 id. 111; *Bridge Co.* v. *Comrs. of Highways,* 101 id. 518.

Finding no reversible error in the record, the judgment is affirmed.                                        *Judgment affirmed.*