## SHAVER v. KAPPELLAS ET AL.

[No. 12,059. Filed March 12, 1925. Rehearing denied June 30, 1925.]

1. PRINCIPAL AND SURETY.—*Rule that surety is favorite of the law and bound only by the strict terms of the contract is not rule of construction.*—The rule that a surety is a favorite of the law and is bound only by the actual and strict terms of his contract is not a rule of construction but of the application of the contract after its meaning has been ascertained, and such a contract is to be interpreted like any other contract. p. 341.

2. PRINCIPAL AND SURETY.—*Surety on replevin bond bound by judgment against his principal.*—A surety on a replevin bond by signing it submits himself to the jurisdiction of the court in which the action is pending, and is, therefore, bound by the judgment against his principal within the limits of his bond. p. 341.

3. REPLEVIN.—*Surety on replevin bond cannot question validity or amount of judgment in replevin action.*—Since a surety on a replevin bond is bound by the judgment in the replevin action, he cannot, in an action on the bond, challenge the validity or the amount of the judgment in replevin. p. 341.

4. REPLEVIN.—*Judgment in replevin held one for return of the property.*—A judgment in replevin that plaintiff recover of defendant the possession of the automobile sued for is a judgment for the return of the property, although the finding and judgment both contain a statement that the defendant having unlawfully sold and disposed of the property, it could not be redelivered to the plaintiff. p. 343.

5.  REPLEVIN.—*Tender of article replevied and damages not kept good by bringing money into court and delivering property does not release surety on replevin bond.*—Where the judgment in replevin was for the return of the automobile sued for and $90 damages for the detention thereof, a tender of the automobile and the damages which was not kept good by bringing the money into court and delivering, or offering to deliver, the automobile to the plaintiff would not discharge the surety on the replevin bond. p. 343.

6.  REPLEVIN.—*Judgment awarding return of property to plaintiff, but, because defendant could not return it, for the value of the property, valid under the statute.*—Judgment for return of property replevied and for the value of the property, because the defendant had wrongfully sold and disposed of it and, therefore, could not redeliver it, is valid under §624 Burns 1926, §599 Burns 1914, §572 R. S. 1881. p. 343.

7.  REPLEVIN.—*Tender of return of property ineffective when the judgment was for the value of the property and damages for detention.*—When the judgment was merely for the value of the property and damages for the detention, the defendant would have no right to return the property, and a tender thereof would be ineffective. p. 344.

8.  REPLEVIN.—*Replevin judgment and record and files admissible in evidence in action on bond.*—In an action on a replevin bond, the judgment in the replevin action, together with the record and files on which it was based, is admissible in evidence. p. 344.

9.  REPLEVIN.—*Execution of replevin bond held sufficiently proved to authorize its admission in evidence.*—In an action on a replevin bond, the surety having admitted his signature thereto and the sheriff having accepted it and indorsed his approval thereon, its execution was sufficiently proved to authorize its admission in evidence. p. 344.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by Tom Kappellas against Eugene L. Shaver and another. From a judgment for plaintiff, the named defendant appeals. *Affirmed.* By the second division.

*Ibach, Gavit, Stimson & Gavit,* for appellant.
*Sheehan, Lyddick & Sharavsky,* for appellees.

NICHOLS, J.—Action by appellee Kappellas, hereinafter mentioned as "appellee," against appellant and the South Shore Auto Company to recover on a replevin

bond alleged to have been executed by appellant as surety and said auto company as principal. It is averred in the complaint that the appellee brought his action in replevin against said auto company for the recovery of an automobile and that a writ of replevin was duly executed and served upon said auto company and that said company, with appellant as surety, executed and delivered a replevin bond which was set out in the complaint, and over the objection of appellant, was read in evidence, and which, omitting caption, was in the following words: "We the undersigned undertake and agree that we are.firmly bound unto the plaintiff in the above entitled cause of action to the effect that said defendant shall safely keep the property this day taken under a writ of replevin in the above entitled cause of action, and that the same shall not be in any way injured or damaged, and that said defendant will deliver the same to the plaintiff if judgment should be rendered to that effect, and that said defendant will pay to said plaintiff all such sums of money as the plaintiff may recover in the above entitled cause of action, and upon which said events this obligation shall be void; otherwise, to be in full force and effect. South Shore Auto Company, a corporation by James K. Stinson, Pres., E. L. Shaver, Treas., E. L. Shaver."

It is averred that the bond was approved by the sheriff and property returned to the auto company, but that said company did not safely keep the property, and on November 12, 1922, appellee recovered judgment against said company for the value of said automobile in the sum of $1,000 and ninety dollars damages for its detention, and that such judgment has not been paid. There was an answer in general denial, and a second paragraph of non est factum, with a stipulation that all defenses, legal and equitable, might be given under the general denial. The cause was submitted to the

court for trial, and after hearing the evidence, the court made its finding and rendered judgment in favor of appellee for $1,171.75. The error relied upon in this court is the action of the court in overruling appellant's motion for a new trial which presents the insufficiency of the evidence; that the decision of the court was contrary to law; and error of the court admitting certain evidence.

Appellant was the surety upon the bond in suit and contends that for that reason he was a favorite of the law and, as such, was bound only by the actual 1, 2. and strict terms of his contract. But such a ruling in favor of a surety, even if it is applicable where, as here, the surety is apparently interested with his principal, is not a rule of construction, but a rule of application of the contract after its meaning has been ascertained, and the bond in suit is to be interpreted like any other contract and by the usual rules. By the expressed and unambiguous terms of the bond, appellant bound himself that the auto company would deliver the property to appellee if judgment should be to that effect, and that the auto company would pay to the appellee all such sums of money as appellee might recover in the replevin action. By signing the replevin bond, appellant submitted himself to the jurisdiction of the court in which the action was then pending, and was thereby bound by the judgment against his principal, the auto company, within the limits of his bond. *Moore* v. *Kepner.* (1878), 7 Nebr. 291; *Schott* v. *Youree* (1892), 142 Ill. 233, 31 N. E. 591; *Hershler* v. *Reynolds* (1867), 22 Iowa 152; *Wells* v. *Griffin & Co.* (1859), 39 Tenn. 568.

The finding and judgment in the replevin action was introduced in evidence over the objection of appellant and is, in substance, that appellee was the owner 3. and entitled to the possession of the automobile of the value of $1,000 at the time the com-

plaint was filed; that at or just prior to the time of the bringing of this action, the defendant auto company unlawfully sold, conveyed and disposed of said automobile and does not now have the same, and its whereabouts is unknown; and that appellee's damage for the wrongful detention thereof is ninety dollars; that appellee is entitled to recover from the auto company the possession of said automobile, but due to the fact that a delivery thereof cannot be had, appellee is entitled to recover the value thereof, to wit: $1,000, together with the sum of ninety dollars damages for the wrongful detention thereof. On this finding, it was adjudged that appellee was and is the owner of and entitled to the immediate possession of the property of the value of $1,000 at the time of the filing of the complaint; that the auto company unlawfully detained and detains the same from appellee; that appellee recover of the auto company the possession of the same, but that, due to the fact that the company unlawfully sold and disposed of same and cannot redeliver it and a delivery thereof cannot be had, the appellee recover of and from the auto company its value in the sum of $1,000, and that appellee recover of the auto company the said sum of ninety dollars as damages for the unlawful and wrongful detention of said property, together with costs of this action. Appellant, by signing the bond, having submitted himself thereby to the jurisdiction of the court, under the above authorities, was bound by the judgment rendered in that cause, the same being within the issues, as well as the principal, and cannot be heard in this action collaterally to challenge the validity or amount of the judgment. *Jackson* v. *Morgan* (1906), 167 Ind. 528.

One of appellant's contentions is that there was no judgment for the return of the property but we do not so construe the judgment. It is therein expressly ad-

judged that "plaintiff recover of defendant the
4-6. possession of the same," (meaning the automo-
bile theretofore mentioned).   It is true that
the finding and the judgment stated that the auto com-
pany had unlawfully sold and disposed of the property
and that it could not therefore redeliver the same to
appellee, and thereupon gave judgment in favor of ap-
pellee for the value of the property.   But that appel-
lant understood that it would be relieved from the mone-
tary judgment if it redelivered the property to appellee,
that the judgment was in the alternative, is .evidenced
by the fact that thereafter, in some way not disclosed,
it obtained possession of an automobile claimed to be
the one involved and made efforts to return it to ap-
pellee.   In this, however appellant failed, for, conced-
ing, but not deciding, that the tender of the automobile
and of the damages was, at the time, sufficient, appel-
lant failed to keep it good by bringing the money ten-
dered and the property into court or in any way
delivering, or offering to deliver them, to appellee.   If,
as appellant contends, the judgment was only for the
value of the property and damages for its detention,
such a judgment where, as here, there is a finding that
the property had been unlawfully disposed of and could
not be redelivered, is, under §624 Burns 1926, §599
Burns 1914, §572 R. S. 1881, valid, even if appellant
had a right collaterally to attack it.   *Cathey* v. *Bowen*
(1902), 70 Ark. 348, 68 S. W. 31; *Burke* v. *Koch* (1888),
75 Cal. 356, 17 Pac. 228; *McCarthy* v. *Strait* (1895), 7
Colo. App. 59, 42 Pac. 189; *Johnson* v. *Frazer* (1888), 2
Idaho 371, 18 Pac. 48; *Ulrich* v. *McConaughey* (1901),
63 Nebr. 10, 88 N. W. 150; *Pranke* v. *Herman* (1890),
76 Wis. 428, 45 N. W. 312; *Burton* v. *Platter* (1893), 53
Fed. 901, 4 C. C. A. 95.

If appellant's contention that the judgment was only
for the value of the property and damages should be sus-

tained, appellant had no right thereafter to re-
7. turn the property and any tender thereof was
without force, and appellee could recover the
value of his property and damages as adjudged.

Having held that appellant is bound by the judgment
in the replevin suit, it follows that such judg-
8. ment, together with the record and files on which
it was based, was admissible in evidence.

Appellant having admitted his signature to the bond
and the sheriff having accepted and indorsed his ap-
proval thereon, its execution was sufficiently
9. proved to authorize its admission in evidence.
*MacFadden* v. *Ross* (1886), 108 Ind. 512.

The judgment is affirmed.