GESCHEIDLER ET AL. *v.* NATIONAL CASUALTY COMPANY ET AL.

[No. 18,061. Filed January 12, 1951.]

Crumpacker and Achor, J. J., not participating.

*Crumpacker & Friedrich,* of Hammond, for appellants.

*Bomberger, Morthland & Royce,* of Hammond, for appellees.

MARTIN, J.—This is an action by appellants against appellees, National Casualty Company, a corporation, and Ferree Movers, Inc.

This cause is for breach of a written contract, being a statutory possession bond posted with the Sheriff in a possession suit and executed by appellees, Ferree Movers, Inc., as principal and National Casualty Company as surety.

The trial court awarded damages against appellees, Ferree Movers, Inc., and National Casualty Company in the sum of $3,029.00.

The only error assigned in this cause and relied upon for reversal is the overruling the motion of appellant for a new trial. The only cause for new trial in the motion is error in the assessment of the amount of recovery in that the same is too small.

Appellee, National Casualty Company, contends that the indexing of the transcript is incomplete and that there is a failure to make some of the required marginal notations as required by Rule 2-5. An examination of the transcript discloses that there was a substantial compliance with this rule.

It also argues that the bill of exceptions containing the evidence is not in the record and that, there-

fore, no question is presented. It says that the clerk's certificate of the filing of the bill of exceptions is fatally defective. But, however that may be, the filing is also evidenced, both by an order book entry and by the clerk's file stamp showing that it was filed in open court. This shows a compliance with Rule 2-3. *Walner* v. *Capron* (1946), 224 Ind. 267, 66 N. E. 2d 64.

Complaint is further made that the certificate of the judge merely shows that *a* bill of exceptions was presented and, upon being found correct, was signed by the judge; that the judge's certificate does not indicate that he is certifying to the preceding transcript of the evidence, but merely to a transcript of the evidence. In our opinion there is no doubt that the bill of exceptions contained in the transcript is the one signed by the judge, and no irregularity appears which is sufficiently serious to warrant a disposition of this appeal without consideration of the merits of the questions presented.

Appellee also urges that appellants are not properly named in the assignment of errors because they are named as trustees without designating the *cestui que trust*. It is noted that they are also so named in the caption of the complaint filed in this case, in the bond executed by said appellee, and in the answers and cross-complaint filed by said appellee. Under these circumstances failure to designate the *cestui que trust* will not prevent a consideration of the case on its merits. *Barr, Trustee* v. *Geary, Auditor* (1924), 82 Ind. App. 5, 142 N. E. 622; *Hiatt* v. *McColley* (1908), 171 Ind. 91, 85 N. E. 772; *Nisius* v. *Chapman* (1912), 178 Ind. 494, 99 N. E. 785; Rule 2-6.

The evidence in the case at bar shows that appellants brought an action against appellee, Ferree Movers, Inc., in the Lake Superior Court of Hammond, Indiana, on

August 8, 1946, to recover the possession of a large warehouse building located on the northeast corner of Logan & Hohman streets in Hammond, Indiana, and damages for its detention. Appellee, Ferree Movers, Inc., appeared by counsel and after some preliminaries, posted a bond with the sheriff to enable it to remain in possession during the pendency of the suit.

Appellee, National Casualty Company, executed the bond as surety. After further proceedings were had, including a change of venue from the county, judgment was entered on March 24, 1947, against appellee, Ferree Movers, Inc., by the Porter Circuit Court. By the provisions of the judgment the plaintiffs (appellants) were awarded possession of the property, damages for detention in the amount of $2,600.00, and that the plaintiffs (appellants) recover of and from the defendants their costs taxed at $————— dollars.

On May 1, 1947, the defendant having failed to vacate the property, a writ was issued by the clerk of the Porter Circuit Court to the Sheriff of Lake County, directing the Sheriff to forcefully remove the defendant and its goods and property from the premises. Appellee, Ferree Movers, Inc., was in the warehouse and storage business and had an enormous amount of goods and furniture stored in the building. It took the Sheriff 18 days to evict it and its goods. To carry out the writ he was forced to deputize assistants to complete the moving job. The expenses incurred by the Sheriff were $100.00 for the rental of the vacant lot upon which the defendant's goods were deposited, $92.00 for the services of a night watchman who looked after the building at night during the moving job, and $614.37 for trucking services and supervising services, a total of $806.37. This sum of money was advanced by appellants. These expenses were returned by the sheriff to the Clerk of the Porter

Circuit Court as expenses incurred in executing the writ. In due course the Clerk taxed them as court costs in the case.

After the case at bar had been venued to Jasper County and a trial had, judgment was entered in favor of appellants in the sum of $3,029.00 being the damages, $2,600.00 recovered in the possession suit on March 24, 1947, plus interest thereon at the rate of six (6%) per cent to the date of the entry of judgment in this action.

Appellants contend that under the undisputed evidence they were entitled to the additional sum of $806.37, with interest thereon from May 20, 1947, to the date of the entry of the judgment. Their contention is that the costs were an integral part of the judgment in the possession suit.

The essential parts of the possession bond are as follows:

> "Now, Therefore, Know All Men By These Presents, that we Ferree Movers, Inc. as principal and National Casualty Co., as sureties, are firmly bound unto Howard J. Gescheidler and Paul T. McCain, as Trustees, the plaintiffs herein, in such sums and amounts as are sufficient to pay and satisfy the plaintiffs' claims, if any, against the defendant and to satisfy the conditions of this undertaking for the payment of which well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors, jointly and severally hereto.
>
> "The Condition of This Bond is that the defendant will safely keep and preserve the property above described; that the same will not be in any way injured or damaged and that the defendant herein will deliver the same to the plaintiffs, if judgment shall be rendered to that effect, and that the defendant will pay to the plaintiffs all sums of money as the plaintiffs may recover in this action against the defendant."

By the expressed and unambiguous terms of the bond, appellee, National Casualty Company, bound itself that the Ferree Movers, Inc., as principal, would deliver possession to the appellants and pay to the appellants all sums of money that the appellants recovered in the possession action. By signing the possession bond, appellee, National Casualty Company, submitted itself to the jurisdiction of the court in which the action was then pending, and was bound by the judgment rendered in that cause, the same being within the issues, as well as the principal, and cannot be heard in this action to collaterally challenge the validity or amount of the judgment. *Shaver* v. *Kappellas* (1925), 83 Ind. App. 338, 146 N. E. 858; *Jackson* v. *Morgan* (1906), 167 Ind. 528, 78 N. E. 633.

In the case of *Bierce* v. *Waterhouse* (1910), 219 U. S. 320, 31 S. Ct. 241 at page 244, the court said:

"One who becomes a surety for the performance of the judgment of a court in a pending case is represented by his principal, and is bound by the judgment against his principal within the limits of his obligation. Washington Ice Co. v. Webster, 125 U. S. 426, 444, 446, 31 L. Ed. 799, 806, 807, 8 Sup. Ct. Rep. 947; Stovall v. Banks, 10 Wall. 583, 19 L. Ed. 1036."

In *Grantham Realty Corporation* v. *Bowers, Jr., Tr.* (1939), 215 Ind. 672, 679, 22 N. E. 2d 832, the court said:

"All persons who were made parties to the action or are in privity with such persons and who failed to appeal or take other proper steps to vacate the judgment, are bound by that finding. No matter how erroneous the finding and the judgment of the court based thereon may have been, such finding and judgment can not be attacked in a collateral proceeding by one who was a party to said judgment or by one in privity with such a party."

When it clearly appears from the obligation itself that the sureties undertook to pay a particular judgment or to do something else dependent upon the result of specific litigation then pending, as to pay the costs which may be adjudged therein or to answer for the conduct of a party in respect of a charge which the law lays upon him, the judgment in such litigation against the principal in the undertaking, in the absence of fraud or collusion, is accepted as conclusive on the sureties, for such, indeed, is the measure of their obligation. The rule in such cases rests, not upon the principles of law which obtain between the principal and surety, but instead it rests upon the fair construction which the courts place upon the obligation assumed by the parties.

From a reading of the possession bond itself and looking into the circumstances under which it was executed, it is obvious the parties stipulated with respect to the costs which had accrued or might accrue and be determined by the court. We believe, therefore, that fairly construed, the obligation of the surety under such a bond is to abide the results of a taxation of the costs in the litigation between the parties. If this is a fair and just interpretation of the undertaking then the judgment against the principal determining the costs for which he is responsible is conclusive and not merely prima facie against the surety. *Mitten* v. *Caswell-Runyan Co.* (1912), 52 Ind. App. 521, 99 N. E. 47; *Jackson* v. *Morgan, supra; Shaver* v. *Kappellas, supra.*

Since sureties are parties to the record, as so frequently declared, then they essentially stand in such relation of privity with their principal in the possession bond as would permit them to file a motion to retax the costs, even though they were not mentioned in the judgment.

We are of the opinion that whenever there is a trial and judgment in an action of possession, the same is conclusive upon the parties, and their privies, in an action on the possession bond, as to all matters that were or might have been litigated under the issues. *Jackson* v. *Morgan, supra; Shaver* v. *Kappellas, supra.*

Court costs are an integral part of a judgment, and the surety is bound by the judgment; it is liable for the court costs included in the judgment.

In the case of *Eaton et al.* v. *Markley et al.* (1890), 126 Ind. 123, 25 N. E. 150, the court said:

"The costs recovered by a judgment plaintiff constitute a part of the judgment on the cause of action. A judgment for costs belongs to the party who recovers it, upon the theory that he has paid, or is liable to pay, the costs as they accrue."

In the case of *Palmer et al.* v. *Glover* (1881), 73 Ind. 529, the court said:

"It is settled by the decisions of this court, that 'the costs recovered by the judgment are due to the judgment plaintiff, and it is his right to control and receive the money so recovered;' and that 'a judgment in favor of a party for costs is, therefore, as much his own property and under his own control as a judgment for a debt sued for.' *Armsworth* v. *Scotten,* 29 Ind. 495; *Hays* v. *Boyer,* 59 Ind. 341; *Miller* v. *The State,* ex rel., 61 Ind. 503; and *Goodwin* v. *Smith,* 68 Ind. 301."

The fact that the amount of the court costs is not included in the judgment when it is entered, is immaterial. *The P. C. and St. L. Railway Company et al.* v. *The Town of Elwood et al.* (1881), 79 Ind. 306.

The mere fact that the Clerk taxed the costs as a ministerial rather than a judicial act, does not alter

their binding effect as an integral part of the judgment. The trial court that rendered the judgment had full power to correct any error in amount after the costs were entered through a motion to retax the costs or a motion to modify the judgment with respect to costs. But if such a remedy is not pursued, the amount of the costs, as any portion of the judgment, becomes final and binding. *Van Gundy et al.* v. *Carrigan* (1891), 4 Ind. App. 333, 30 N. E. 933; *Boyer* v. *Everetts* (1916), 185 Ind. 272, 113 N. E. 1003.

In the case of *Mott et al.* v. *State, ex rel. Klitzke* (1896), 145 Ind. 353, 44 N. E. 548, the court said:

"As the record stands, however, it is not altogether clear how the appellants are to avail themselves of the error, if one was committed, as seems to have been the case. If it be true that some of the costs, either before the city court or before the superior court, were made by the city, and being therefore no concern of the relator's should, consequently, not have been made a part of the judgment in his favor; yet the record does not show that there was any ruling on a motion to tax costs, or any other step taken to modify the judgment. It is not denied that the relator was entitled to a judgment for some costs. But the court, having jurisdiction, the judgment would not be void, simply on the ground that it is excessive, or that items entered into it that should have been omitted. *Gum Elastic Roofing Co.* v. *Mexico Pub. Co.,* 140 Ind. 158, (30 L. R. A. 700 and notes)."

In *Palmer et al.* v. *Glover, supra,* the court said:

"Several objections are made by the appellants' counsel to the costs, and to different items of costs, which we need not stop to consider. The fee book was a record of the court, and, as such, it was competent evidence; and it proved the amount of costs due the appellee in the original judgment, in accordance with the finding of the court. If the costs, or any of the items thereof, were improper or illegal charges against the appellants, they might

have had a taxation of the costs, by a motion for that purpose, in the original case, but they could not, we think, on the trial of the case at bar, impeach the judgment for costs, in whole or in part, by the introduction of parol evidence."

In the case of *Winslow* v. *Green* (1900), 155 Ind. 368, 369, 58 N. E. 259, the court said:

"The law is firmly established that, jurisdiction being once obtained over the person and the subject-matter, no error or irregularity in its exercise will make the judgment void. When it thus appears that the court has the power to try and decide, its judgment becomes conclusive as to the matter in controversy between the parties, and, however erroneous, it is unassailable in any collateral proceeding."

To impeach a judgment collaterally the judgment must be absolutely void. *Winslow* v. *Green, supra;* *Schilling* v. *Quinn* (1912), 178 Ind. 443, 99 N. E. 740; *Niven* v. *Crawfordsville Trust Company* (1940), 108 Ind. App. 272, 26 N. E. 2d 58.

We are of the opinion that the trial court in the possession action had jurisdiction of the subject-matter and of the parties. We think it clear that the appellee, National Casualty Company, by signing the bond, having submitted itself thereby to the jurisdiction of the court, was bound by the judgment rendered in the possession suit, the same being within the issues, and can not be heard in this action collaterally to challenge the validity or amount of the judgment.

The judgment is reversed, with instructions to sustain the appellants' motion for a new trial and for further proceedings consistent with this opinion.

Crumpacker, J., not participating.

Achor, J., not participating.

NOTE.—Reported in 96 N. E. 2d 123.