Thompson et al. *v.* Emmert et al.

WILLIAM R. THOMPSON et al., Plaintiffs in Error, *v.* DAVID EMMERT et al., Defendants in Error.

ERROR TO CARROLL.

In an action upon a record of a foreign judgment, which showed that there was not a service of process, but that the appearance of the defendant was entered by an attorney, it may be shown that the attorney who entered the appearance did so without authority, and thereby a recovery upon the record may be defeated.

If a judgment is obtained against one partner or joint contractor, a second action cannot be maintained against the other partner or joint contractor.

THIS cause was heard before WILKINSON, Judge, at October term, 1852, of the Carroll Circuit Court.

MANNING and DOUGLAS, for plaintiffs in error.

HIGGINS and STROTHER, for defendants in error.

TREAT, C. J. This was an action of debt, brought by Thompson and others against Emmert, Nelson, and Campbell. Emmert alone was served with process. Nelson and Campbell did not appear to the action. The first count of the declaration was upon a judgment, recovered by the plaintiffs against the defendants, on the 8th of December, 1841, in the district court for the county of Alleghany and State of Pennsylvania. The second, third, and fourth counts were upon promissory notes, bearing date the 1st of December, 1838, and made by the defendants as partners to the plaintiffs. Emmert filed four pleas, on all of which issues of fact were formed. The first plea was *nul tiel record* to the count on the judgment. The second plea alleged in substance, that Emmert was not, at the commencement of the suit in Pennsylvania, or, during the pendency thereof, an inhabitant or resident of that State, or in any manner subject to the jurisdiction of its courts ; and that he did not appear in that suit, nor authorize any person to appear for him. The third plea alleged in substance, that Emmert was a resident and inhabitant of the State of Maryland, when the suit was commenced in Pennsylvania ; that no process was ever served upon him, and that he never entered any appearance to the suit, nor authorized any appearance to be entered for him. The fourth plea was *nil debet* to the other counts of the declaration.

On the trial, the plaintiffs read in evidence the record of a judgment, corresponding with the one described in the first count of the declaration. It appeared that the judgment was rendered upon the promissory notes, described in the three last counts of the declaration. It also appeared that Nelson only was served with process; but it further appeared that an attorney entered a general appearance for Emmert and Campbell. The plaintiffs likewise read in evidence copies of the notes described in the declaration. Emmert then introduced the deposition of the attorney, by whom his appearance was entered. The attorney swore that he had no authority from Emmert to appear for him. On this evidence, the jury returned a verdict for Emmert, and the court refused to grant a new trial.

1. Was Emmert bound by the judgment rendered in Pennsylvania? According to the decisions of this court, the record afforded conclusive evidence that his appearance was entered by an attorney, and presumptive evidence of the authority of the attorney to act for him. *Primâ facie*, therefore, the court had jurisdiction of his person, and authority to render the judgment against him. It was, however, competent for him to rebut the presumption, by proving that the attorney had no authority to enter his appearance to the action. This he established by the testimony of the attorney himself. The presumption in favor of the jurisdiction of the court over Emmert was thereby overthrown; and the jury properly found the issues upon the second and third pleas in his favor. Bimeler *v.* Dawson, 4 Scam. 536; Welch *v.* Sykes, 3 Gilm. 197; Whittaker *v.* Murray, ante, 293.

2. Could Emmert insist upon the judgment against Nelson and Campbell as a defence to this action? That judgment was rendered upon the identical promissory notes declared on in this case. This presents the question, whether a judgment obtained against one partner upon a partnership debt, constitutes a defence to a second action against the other partner. The precise question was before this court in the case of Wann *v.* McNulty, 2 Gilm. 355. The plaintiff brought a suit against four partners; and the defendants, on the trial, offered to prove in bar of the action, that the plaintiff had previously recovered a judgment against one of them on the same demand. The circuit court excluded the evidence; but this court reversed the decision, on the ground that the cause of action was merged in the judgment, and that the only remedy of the plaintiff was upon the judgment. In addition to the authorities there cited, the following cases may be referred to as establishing the same doctrine. King *v.* Hoare, 13 Mees. & Wels. 494; Peters *v.* Sanford, 1 Denio, 224; Smith *v.* Black, 9 Serg. & Rawle, 142;

Downey *v.* The F. & M. Bank, 13 Ib. 288; Sloo *v.* Lea, 18 Ohio, 279. The rule is, that if a judgment be obtained against one partner or joint contractor, the creditor cannot maintain a second action against the other partner or joint contractor. The judgment operates as an extinguishment of the cause of action, and a discharge of the other partner or joint contractor from all liability to the creditor. The law may be otherwise in reference to a judgment against one, upon a joint and several cause of action.

In neither point of view were the plaintiffs entitled to recover; and the court properly refused to grant a new trial.

The judgment must be affirmed.

*Judgment affirmed.*