JAMES MITCHELL *et al.*, Plaintiffs in Error, *v.* JOHN K. BREWSTER, and JOSEPH M. BREWSTER, Defendants in Error.

ERROR TO STEPHENSON.

A judgment against one of several makers of a note without process against the others, releases those who are not sued.

THIS was an action of assumpsit, brought by the plaintiffs in error, in the Stephenson Circuit Court, to recover the amount of two promissory notes, executed by defendants in error. The declaration was in the usual form; the notes declared on were as follows:

"$1,000.                                  FREEPORT, ILL., May 30, 1859.

Thirty days after date, for value received, we promise to pay James Mitchell & Co., or order, one thousand dollars, with ten per cent. interest after due, for money loaned.   Payable at Stephenson County Bank.

                                        J. K. BREWSTER,
                                            By J. M. BREWSTER.
                                        J. M. BREWSTER, Security."

"$312.            .                      FREEPORT, ILL., June 2, 1859.

Thirty days after date, for value received, we promise to pay James Mitchell & Co., or order, three hundred and twelve dollars, with ten per cent. interest after due, for money loaned.   Payable at Stephenson County Bank.

                                        J. K. BREWSTER,
                                            By J. M. BREWSTER.
                                        J. M. BREWSTER, Security."

The defendants filed these pleas:

1.   General issue.

2.   That a former judgment was recovered in the Circuit Court of Stephenson county, at the December term, 1857, against the said defendant, John K. Brewster, for the same cause of action, and that said judgment was still in force.

3.   Same as the second, the second and third pleas being severally to the different counts in the declaration.

The plaintiffs, by leave of the court, filed several replications to the defendants' pleas.   The first and second replications to the second and third pleas were nul tiel record.

The second replication to the second plea, sets up that the defendant, J. M. Brewster, signed the note as security, and that J. K. Brewster became insolvent, and, for the purpose of indemnifying his security, caused said judgment to be entered against himself by confession, without the knowledge or consent of the plaintiffs.

The third replication to the second plea is substantially same as the second, except that said judgment was entered without any agency or act of the plaintiffs, and for the sole benefit of J. M. Brewster.

The fourth replication to said plea sets up that said judgment was entered voluntarily on confession by said J. K. Brewster, solely for the benefit of said J. M. Brewster, without any agency, act or consent of said plaintiffs.

The fifth replication to the same plea merely avers that said judgment was rendered by confession of said J. K. Brewster,

for the benefit of J. M. Brewster, without any agency, act or consent of said plaintiffs.

The second, third and fourth replications to the third plea, are substantially the same as the second, third and fourth to the second plea.

The eighth replication, being the fifth to the second plea, differs from the others only that the judgment was entered without any act of said plaintiffs.

At the same term the defendants moved to have the 4th, 5th, 6th, 8th, 9th and 10th replications struck from the files, and at the same time filed their demurrer to the 3rd, 4th, 5th, 7th, 8th, 9th and 11th. The court refused to strike from the files the 6th and 10th, to which the plaintiffs excepted, and by leave filed a further replication, in which they aver that said judgment was rendered by confession without process; that J. K. Brewster voluntarily confessed the same on said notes, which remained entirely unpaid and unsatisfied; that said Brewster was insolvent, that said judgments were wholly unpaid, and that said plaintiffs had never accepted the same in payment or satisfaction of said notes.

The demurrers to the 4th, 5th, 8th and 9th replications were overruled, and sustained as to the others, by the court, and the plaintiffs excepted.

To the several replications the defendants rejoined.

To the fourth—First, that said J. K. Brewster did not cause said judgment to be entered against him voluntarily and without any agency of said plaintiffs. Second, did not without any act by said plaintiffs for that purpose.

To the fifth—without any agency, act or consent of said plaintiffs.

To the eighth—First, that said J. K. Brewster did not cause said judgment to be entered against himself voluntarily and without any agency of said plaintiffs. Second, did not, etc., without any act by said plaintiffs for that purpose.

To the ninth—that said J. K. Brewster did not voluntarily cause said judgment to be entered against himself without any agency or consent of said plaintiffs for that purpose.

To the fourth and fifth, and eighth and ninth—that after the

judgment was rendered, the plaintiffs accepted, adopted and approved the same, and caused an execution to be issued on it.

The cause was tried by a jury at the same term, who rendered a verdict for the defendants, whereupon the plaintiffs moved for a new trial; which motion the court overruled, and rendered judgment on the verdict, and the plaintiffs excepted.

*W. P. Malburn* (for defendants) testified, that about the 1st of February, 1858, he had a conversation with Putnam, one of the plaintiffs, about Brewster's assignment being set aside, and Putnam said it would make no difference with them, because J. K. Brewster had confessed judgments on all the matters they were interested in, contained in the assignment.

Jason Marsh, for Plaintiffs in Error.

The pleadings and proof in the case show, that the notes were executed in favor of the plaintiffs by the defendants jointly—J. K. Brewster as principal, and J. M. Brewster as surety. J. K. Brewster became insolvent, and caused judgment to be entered on these notes, by confession, in favor of the plaintiffs, not for their benefit at all, but simply to protect his co-maker, by providing that the plaintiffs might have a prior lien on his property, in case an assignment, which he had made, should be set aside.

The adjudged cases applicable to this question, do not seem so much to consider whether the mere existence of the first judgment operates as a bar to another one against the same person, as whether the doctrine of *merger* necessarily applies so as to prevent the second judgment. *Sheehy* v. *Mandeville*, 6 Cranch R. 253 ; *Potter et al.* v. *McCoy*, 26 Penn. R. 458.

The most that can be claimed in respect to a debt being put into judgment, is, that it thereby becomes a higher security ; and the uniform current of authorities clearly establishes the proposition, that the taking of a higher security does not merge or extinguish the original debt, unless it was taken in satisfaction by agreement of the parties. *Wallace* v. *Fairman*, 4 Watts, 378 ; *Gardiner* v. *Hink*, 2 Rich. R. (S. C.) 601 ; *Estate of Davis* v. *Desanque*, 5 Whar. R. 530 ; *Van Vleit et*

*al.* v. *Jones et al.*, 6 Spen. R. 341; *Hawk* v. *Hinchcliff*, 17 Barb. Sup. C. R. 498; *Nicholson* v. *Leavitt*, 4 Sandf. Sup. C. R. 306; *Drake* v. *Mitchell*, 3 East R. 251.

M. P. SWEET, and LELAND & BLANCHARD, for Defendants in Error.

Cited, 22 Ill. 522; 13 Mees. and Welsb. 494; 2 Gilm. 355; 18 John. 459; 13 Mass. 148; 19 Ill. 347; 5 Bos. and Pul. 474.

WALKER, J. The evidence in this record seems to establish the fact, that plaintiffs in error ratified the judgment entered by confession in their favor, against John K. Brewster, one of the makers of the notes sued upon in this case, if it does not show that it was confessed by their procurement. Putnam, one of the plaintiffs, filed an affidavit in the office of the circuit clerk, in which he stated, that plaintiffs had recovered this judgment, and they had an execution issued thereon, which had been returned, no property found, and prayed garnishee process against Joseph M. Brewster, and other persons named in the affidavit. The executions were produced and read in evidence on the trial below. Malburn testified, that after Bennett had confessed the judgment, Putnam stated to the witness, that if the assignment was set aside, that it would make no difference with the plaintiffs, as Brewster had confessed judgment, on all the matters in which they had an interest, and which were embraced in the assignment. It can hardly be conceived how a ratification of the confession could be more clearly shown, than by this evidence. That such was the case, a doubt is not entertained.

These were joint notes. And the question is presented as to what was the effect of a recovery against one of the several makers, without embracing the others in the proceeding. It has been repeatedly held by this court, that a recovery against one of the several persons jointly liable, releases the others, and forms a complete bar to a recovery against them. *Warren* v. *McNulty*, 2 Gilm. 355; *Thompson* v. *Emmett*, 15 Ill. 415; *Moore* v. *Rogers*, 19 Ill. 247. These cases are in point,

and decisive of this question. And the rule is so firmly established in this court, and accords so fully with the adjudged cases in other tribunals, that we feel no disposition to again discuss the question, or to review the rules of law upon which it is based. If the judgment had been confessed without the knowledge of the payees, or had not been ratified by them, it might have been otherwise, but that question is not now before us and need not be discussed.

The judgment of the court below is affirmed.

*Judgment affirmed.*