## GEORGE P. LAWRENCE

*v.*

## JOHN P. JARVIS *et ux.*

1. JUDGMENTS IN OTHER STATES — *how far conclusive here.* If a court of another State having jurisdiction over the subject and parties, has rendered a judgment, such judgment will bind the party against whom it is rendered, and he will not be permitted to look into the transaction, in an action brought on the judgment,. in order to show that such judgment should not have been rendered.

2. Such judgment will have the same credit, validity and effect in every other court in the United States, which it has in the State where pronounced, and whatever pleas would be good to a suit thereon in such State, and no others, can be pleaded in any other court in the United States.

3. The elements necessary to give the judgment this effect, are, jurisdiction in the court over the subject and over the person. These are open to inquiry, and if it appears that either was wanting, the judgment is not conclusive, and the fact may be pleaded in an action brought on the judgment.

4. A court may obtain jurisdiction of the person in various modes, by personal service of process, by the entry of the appearance of the party himself without process, or, by an attorney of the court appearing and defending.

5. Where the record of a judgment rendered in another State sets forth that the defendant did appear by attorney, nothing can be alleged against that fact; but the *authority* to appear may be contested by plea and proof.

6. The record reciting the appearance of the defendant by attorney, affords presumptive evidence that the court had jurisdiction of the defendant's person, and the authority of the attorney is also presumed.

7. In an action upon a judgment obtained in another State, it may be interposed as a defense that the judgment was obtained by fraud.

8. EVIDENCE — *onus probandi.* But it is incumbent on the party setting up such a defense to prove it.

9. NEW TRIAL — *its effect in Ohio.* In an action upon the record of a judgment rendered in a Court of Common Pleas in the State of Ohio, it appeared from the record that, after the rendering of the judgment, a new trial was ordered, on a certain undertaking being entered into by the party asking the new trial, under a practice peculiar to that State. But as it did not appear that the undertaking had been perfected as the statute required, and the judgment vacated, it was held the judgment remained in force.

10. PLEADING — *nil debet, when not a proper plea.* As a judgment in another state is conclusive as to the amount of the debt, the plea of *nil debet* is not a proper plea in an action on such judgment.

11. INSTRUCTIONS — *when not based upon proofs in the case.* It is proper to refuse an instruction when there was no proof offered on the subject to which it relates.

12. SAME — *when unavailing, may be refused.* The refusal to give a proper instruction which would have availed the party nothing, the justice of the case not being affected thereby, does not afford sufficient ground for the reversal of a judgment.

WRIT OF ERROR to the Circuit Court of Peoria county: the Hon. A. L. MERRIMAN, Judge, presiding.

This was an action of debt, instituted in the court below, in February, 1861, by John P. Jarvis and Caroline, his wife, against John P. Lawrence, upon the record of a judgment obtained by these plaintiffs against the defendant, in the Court of Common Pleas of Coshocton county, in the State of Ohio.

39

A sufficient statement of the case is given in the opinion of the court.

Mr. H. Grove, for the plaintiff in error.

Mr. M. Williamson, for the defendants in error.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of debt on a judgment record from the Common Pleas of Coshocton county, in the State of Ohio. The defendant pleaded *nil debet, nul tiel record*—that the court of Coshocton county granted a new trial—that said court had no jurisdiction of the person of the defendant—that the judgment was procured by the fraud of the plaintiff, and the following plea:

And for further plea, defendant says *actio non*, because he says that the only claim or demand the said plaintiffs or either, have or ought to have, against the defendant, is for work, labor and services, and salary of the said plaintiff, Caroline Jarvis, done, performed and due to her, while sole and while her name was Caroline Shriever, and which was done, performed and due prior to November 30th, 1853, and the defendant avers, that on the said 30th day of November, A. D. 1853, at the town of Newcastle, in the State of Ohio, the defendant settled and accounted with the said Caroline Shriever, while she was sole and unmarried, and paid to her the sum of one hundred dollars, which said sum of money, the said Caroline then and there accepted, and received in full payment and satisfaction of all debts, dues and demands, against the defendant, and then and there, said Caroline executed and delivered to the defendant, as evidence of such payment and satisfaction, the receipt in words and figures following:

Newcastle, Nov. 30th, 1853.

Received of George P. Lawrence, One Hundred Dollars, in full of all debts, dues and demands up to this date, November 30th, 1853.

[$100.]                    CAROLINE SHRIEVER.

Newcastle, November 30th, 1853.

*Attest:* Erastus Lawrence.

And the defendant avers, that afterwards, and on or about the year 1855, the said Caroline Shriever intermarried with the plaintiff, John P. Jarvis, and after said marriage, and on or about the 26th day of July, 1856, said plaintiff brought the suit and recovered the judgment in plaintiff's declaration mentioned, for the same labor, services, dues and demands, in said receipt specified; the plaintiffs then and all the time well knowing that the defendant had fully paid and satisfied the said Caroline for all the said services, wages, salaries and moneys. And the defendant avers that at the time said suit was commenced, for and during the two years prior thereto, and from thence hitherto, the said defendant was and is a citizen and inhabitant of the State of Illinois, and was not an inhabitant of the said State of Ohio, and that no process or summons or citation was ever served upon him to appear in said court, and that he never authorized any attorney, or any agent, to appear for him in said court; that such judgment is fraudulent as to him, and rendered by said court, without having any jurisdiction of his person, and this he is ready to verify.

The plaintiffs joined issue on all the pleas but the last, to which they put in two replications; first, that the court rendering the judgment had jurisdiction of the person of the defendant, and that defendant had notice of the suit and employed an attorney of that court to appear for him, and who did appear for him. Second, that the judgment was not fraudulently obtained, and issues joined.

To maintain the issues on the part of the plaintiffs, they introduced the record of the proceedings and judgment in the Coshocton Court of Common Pleas, duly certified, by which it appeared that a suit by petition, duly sworn to, had been commenced by these plaintiffs against the defendant, for the work, labor and services of the wife, whilst she was sole and unmarried; that an answer was put in by C. C. Leonard, attorney for the defendant, and a motion made and sustained to strike out the answer. The cause was tried by a jury at the December term, 1860, who found a verdict for the plaintiffs for $317, for

which judgment was rendered, together with costs, taxed at $82$\frac{36}{100}$. The defendant demanded a second trial of the cause, "and the court being satisfied that he is entitled to such second trial, it is accordingly granted, and the undertaking to be entered into for such second trial, by said defendant, is fixed in the sum of four hundred dollars."

The defendant objected to this record as evidence of the debt, on the ground that it appeared on its face that a new trial had been granted.

To obviate this objection, the plaintiffs offered in evidence a certified copy of an act of the General Assembly of the State of Ohio, which provides, by section 1, that a second trial may be granted when the court has original jurisdiction and in which an issue of fact may be joined;

By section 2, that any person desiring a second trial, as provided in section 1, may have such second trial in entering into an undertaking to the satisfaction of the clerk, in a sum to be fixed by the court, conditioned to abide and perform the order of the court, and pay all moneys, costs and damages;

By section 3, that a docket shall be made of said second trial, in which shall be entered all cases in which the right to such second trial shall be perfected, &c.;

By section 4, that either party shall have the right to except to the opinion of the court, on a motion to direct a nonsuit, to arrest the testimony from the jury, and also, in all cases for a new trial.

This was all the evidence offered by the plaintiffs, whereupon the defendant offered in evidence the receipt set out in his plea, which was excluded by the court, and exception taken.

The jury found for the plaintiffs, a motion for a new trial was made and overruled, and exception taken, and the case brought here by writ of error.

The following are the errors assigned:

1. The Court of Common Pleas of Coshocton county, had no jurisdiction of the person of the plaintiff in error.

2. The record offered in evidence shows that the Court of Common Pleas of Coshocton county granted a new trial.

3. The receipt offered in evidence by the plaintiff in error tended to prove the matters set up in the sixth plea.

4. The instructions asked by plaintiff in error were improperly refused.

5. The defendant's instructions took all questions of fact from the jury.

6. A new trial should have been granted.

We will not consider the errors assigned separately, but they will be found to be fully disposed of, in the view we present of the case.

The first section of article four of the Constitution of the United States, declares, "that full faith and credit shall be given in each State, to the public acts, records and judicial proceedings of every other State. And the congress may, by general laws, prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof." Scates' Comp. 32.

By the act of May 26, 1790, congress prescribed the manner in which such records and judicial proceedings should be proved, and declared that the same " shall have such faith and credit given them in every court within the United States as they have, by law or usage, in the courts of the State from whence the said records are, or shall be taken." R.·S., appendix, 624.

The doctrine is well settled ever since the case of *Mills* v. *Duryee,* 7 Cranch, 481, that if a court of another State having jurisdiction over the subject and parties, has rendered a judgment, such judgment will bind the party against whom it is rendered, and he will not be permitted to look into the transaction in an action brought on the judgment, in order to show that such judgment should not have been rendered. The judgment will have the same credit, validity and effect in every other court in the United States, which it has in the State where pronounced, and whatever pleas would be good to a suit thereon in such State, and no others, can be pleaded in any other court in the United States. *Bimeler* v. *Dawson et al.,* 4 Scam. 542; *Welsh* v. *Sykes,* 3 Gilm. 197; *Buckmaster* v.

*Grundy et al.*, id. 626; *Fryrear* v. *Lawrence*, 5 id. 325; *McJilton* v. *Love*, 13 Ill. 491.

The elements necessary to give the judgment this effect, are jurisdiction in the court over the subject, and over the person. These are open to inquiry, and if it appears that either was wanting, the judgment is not conclusive, and the fact may be pleaded to an action brought on the judgment. There is no question made here of the jurisdiction of the court of Coshocton, over the subject matter of the suit, but only, that the court never had jurisdiction of the person of the defendant.

Jurisdiction of the person is obtained in various modes, by personal service of process, by the entry of the appearance of the party himself without process, or by an attorney of the court appearing and defending.

The defendant's fourth plea alleges, that the court of Coshocton county, at the time the judgment was rendered, had no jurisdiction of his person; that no process of that court was served on him or notice given him, and no attorney was authorized by him to appear and defend for him in that court on the trial; that he was, and had been for two years prior thereto, a resident of this State. Now, the record states, that he did appear by attorney, and nothing can be alleged against that fact. Yet the authority to appear may be contested by pleas and proof. *Welch* v. *Sykes*, 3 Gilm. 197; *Thompson* v. *Emmert*, 15 Ill. 415; *Whitaker* v. *Murray*, id. 293.

The record reciting the appearance of the defendant by attorney, affords presumptive evidence that the court had jurisdiction of the defendant's person, and the authority of the attorney is also presumed. *Shumway* v. *Stillman*, 6 Wend. 453; *Noyes* v. *Butler*, 6 Barb. 613; *Welch* v. *Sykes*, 3 Gilm. 197; *Thompson* v. *Emmert*, 15 Ill. 415. These authorities are conclusive against the plaintiff in error.

As it regards the plea setting up fraud in obtaining the judgment, it is sufficient to say, such a defense may be interposed, but it is incumbent on the party setting it up to prove it, which he failed to do in this case.

As to the new trial, the record does not show that a new

Lawrence v. Jarvis et ux.

trial was granted, but under a practice, peculiar, perhaps, to Ohio, a second trial was ordered, on a certain undertaking being entered into by the defendant, which undertaking, the record does not show was perfected as the statute required. The judgment was never vacated.

The consideration of the receipt set out in the sixth plea, was excluded from the jury, necessarily, by the judgment of the court of Coshocton county. The defendant could not go behind that judgment. It was conclusive against him for the amount of the recovery.

We may remark here, as the judgment was conclusive, as to the amount of the debt, the plea of *nil debet* was not a proper plea to the action; but no point is made on that.

The instructions asked by the defendant were properly refused.* The first, because he could not set up the matters in the sixth plea to defeat a recovery. He could not go behind the judgment, and inquire into the original cause of action. The second, because there was no proof offered that the judgment was fraudulently obtained. The receipt of one hundred dollars being one-third, or less, of the whole amount due the plaintiff, when sole and unmarried, is liable to the suspicion, not that there was fraud in obtaining the judgment for the full amount due, but that the youth and inexperience of the woman had been practiced upon to obtain it.

The third instruction the court should, perhaps, have given;

---

* NOTE BY THE REPORTER.—The following are the instructions asked by the defendant below, and referred to in the opinion:

1. The jury are instructed that the plaintiffs in this cause seek to recover only the amount due on a judgment recovered by the plaintiffs against the defendant, in the Court of Common Pleas, of Coshocton county, Ohio, at the December term, 1859, for the sum of three hundred and seventeen dollars.

The defendant sets up in his sixth plea, that the only claim or demand the plaintiffs' or either have or ought to have, against the defendant, is for work, labor, services and salary of the said plaintiff, Caroline Jarvis, done and performed and due to her while sole, and while her name was Caroline Shriever, which was done, performed and due, prior to November 30th, 1853, and that on that day, at the town of Newcastle, in the State of Ohio, the defendant settled and accounted with the said Caroline Shriever, while she was unmarried, and paid her the sum of one hundred dollars, which she accepted and received in full payment and satisfaction of all debts, dues and demands, against the defendant, and as evidence of such payment and satisfaction, the said Caroline executed the receipt annexed to, and made part of said sixth plea; and that in the year 1855, said Caroline married the plaintiff, John, and that in July, 1856, said plaintiffs brought the suit and recovered the judgment for the same labor, and that the plaintiffs well knew that said

but it would have availed the defendant nothing, because the court, in the same breath, would have told the jury that the judgment record was evidence of all these matters. So as to the allegation of the plaintiffs that the defendant employed an attorney to defend the original cause, the record is presumptive evidence of that fact. Refusing to give the third instruction not affecting the justice of the case, in the slightest degree, is no sufficient ground for the reversal of the judgment. *Gernet v. Stokes*, 3 Gilm. 202, and numerous cases to the same effect, decided by this court.

The judgment is affirmed.

*Judgment affirmed.*

---

defendant had fully paid said Caroline, for all the services, wages, salaries and moneys, and that the defendant for two years prior to the commencement of this suit, and from thence hitherto, was and is an inhabitant of this State, and not an inhabitant of the State of Ohio, and that no summons or citation had ever been served on him in said cause.

The truth of these facts are not denied by the plaintiffs — they stand admitted upon the records, and must be taken as true by the jury in determining whether the judgment was fraudulently obtained.

2. If the jury believe that the judgment upon which this suit is brought, was obtained by the plaintiffs fraudulently, they should find for the defendant.

3. Unless the plaintiffs have proved that the Court of Common Pleas of Coshocton county, had jurisdiction of the person of the defendant, said court had no authority to render said judgment, and this jury in that case should find for the defendant.

The plaintiff alleges that the defendant employed an attorney to appear in said cause, in said court, and unless the plaintiff has proved to the satisfaction of the jury, that the defendant did employ an attorney in said cause, then said judgment is void, and the jury should find for the defendant.