# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

FOURTH DISTRICT—FEBRUARY TERM, 1892.

## S. DWIGHT EATON COMPANY
v.
## ROBERT P. KELLY.

*Garnishment — Judgment Against Garnishee — Whether Defense Against—Action by Garnishee's Creditor in Another State—Whether Such Judgment May Be Impeached for Fraud.*

1. Where a judgment has been rendered against a garnishee in one State upon a regular proceeding before a court having jurisdiction, and without collusion between the plaintiff and the garnishee, such judgment is conclusive in every other State, and constitutes a complete defense to the garnishee when sued for the same debt by his original creditor.

2. Such a judgment in a garnishee case in a sister State may be impeached in this State for fraud and circumvention in obtaining the same.

[Opinion filed September 9, 1892.]

APPEAL from the Circuit Court of Union County; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

Messrs. TAYLOR DODD and CHARLES H. BURTON, for appellant.

Justice Gray, in Hauley v. Donahue, 116 United States, 3,

says: "By the settled construction of the provisions of the constitution, a judgment of a State court * * * against property lawfully attached is entitled to as much force and effect when questioned in another State as it has in the State in which it was rendered," and further, page 4, "judgments recovered in one State, when proved in the court of another, differ from judgments recovered in a foreign country in no other respect than that of not being re-examinable upon the merits nor impeachable for fraud in obtaining them."

The same court in Maxwell v. Stewart, 22 Wall. 80, says, "fraud can not be pleaded to an action in one State upon a judgment of another," citing with approval Christmas v. Russell, 5 Wall. 291, which held that judgment of a sister State, subject only to inquiry as to the jurisdiction of the court rendering it, is conclusive in the courts of other States until set aside.

In Barras v. Bidwell, 3 Wood, 5, it is held that fraud in the recovery of a judgment can not be pleaded in an action on the judgment prosecuted in another State, unless such defense could be made in the courts of the State where judgment was rendered.

It is upon the authority of the Supreme Court of the United States, whose ruling is conclusive upon this court on this question, that we say that the Iowa judgment can not be impeached in this action for fraud unless such a plea could have been set up as a defense in a similar way in Iowa. That such a plea could not be so made available is the well settled law of the latter State. In Iowa the judgment stands unimpeachable until set aside by a direct proceeding in chancery for that purpose. Mason v. Messenger, 17 Ia. 261; Kerr v. Leighton, 2 G. Gr. (Ia.) 196; Webster v. Reed, Mor. (Ia.) 467; Moore v. Jeffers, 53 Ia. 202; Thompson v. McKean, 43 Ia. 402; McCriel v. Harrison, 63 Ia. 592; Central Iowa R. R. Co. v. Piersol, 65 Ia. 498; Phelan v. Johnson, 80 Ia. 731; Lindsey v. Delano, 78 Ia. 352; Blair v. Wolf, 72 Ia. 246.

As bearing on this question and in support of the rule

laid down by the Federal courts, the following cases are of interest: McDonald v. Drew, 64 N. H. 547 (15 At. Rep. 148), holding that a judgment regularly obtained in New York can not be impeached for fraud in New Hampshire; Wyoming Manufacturing Co. v. Mohler, 17 At. Rep. 31 (Pa.), court holding that a plea that a judgment of a sister State was secured through fraud is not good, saying: " If the judgment was entered by fraud or collusion, the court in which it was entered is the proper one to redress that wrong. It is a matter with which we have nothing to do.". McMillan v. Lovejoy, 115 Ill. 501, says: " Under the act of Congress, when a transcript duly certified is offered in evidence in another State, no questions are open to inquiry except those of jurisdiction." See also, Zepp v. Hager, 70 Ill. 226 ; Green v. Plant, 94 U. S. 664.

In Roth v. Roth, 104 Ill. 46, the court says: "Where it affirmatively appears the court of a foreign State has jurisdiction of the parties and subject-matter of the suit, its judgment will be conclusive on the parties in all countries where the matters litigated are again thrown into question, and this is particularly true with respect to judgments or decrees affecting the status of a person, for they are in the nature of judgments *in rem* which are binding on the whole world."

In Moore v. Railroad, 43 Ia. 385, it is held that " A judgment *in rem* rendered in one State by a court of competent jurisdiction, can not be assailed in another State."

Again, Drake on Attachments, Section 706, says: " When, by a court having jurisdiction of the action and of the garnishee, judgment is rendered against him and he has satisfied it in due course of law, such judgment is conclusive and constitutes a complete defense to any subsequent action by the defendant against the garnishee for the amount which the latter was compelled to pay."

Judgments of a sister State are received with the same faith and credit abroad that are accorded them at home. Black on Judgments, Sec. 859 ; Stark v. Ratcliff, 111 Ill. 75; Lawrence v. Jarvis, 32 Ill. 304; Rae v. Hurlbert, 17 Ill.

572; McJilton v. Love, 13 Ill. 486; Freeman on Judgments, Sec. 575.

Even if the judgment in Iowa was open to the inquiry of fraud in the courts of Illinois, we submit that such inquiry must be directed only to fraud (Black on Judgments, Sec. 833,) "practiced in the very obtaining of the judgment," and not to such alleged fraudulent acts set forth in appellee's replication. Bigelow on Frauds, p. 178.

In Roth v. Roth, 104 Ill. 47, and Baker v. Palmer, 83 Ill. 568, the rule is laid down that where a judgment is attacked on the ground of fraud, the party complaining must plead and prove on the trial the specific fraudulent acts. The only fraudulent acts specifically alleged by Kelly's counsel are that this appellant, knowing Kelly was not indebted to plaintiff in Iowa, colluded with such plaintiffs to bring about the judgment there. But this is a character of fraud which, even if true (and that it is true this appellant denies), could not be inquired into in Illinois, because the fraud alleged is directed to the merits of the Iowa plaintiffs' claim against Kelly, and not to any irregularities in the proceeding of the Iowa tribunal. It can not be claimed that if the Iowa plaintiffs did have a good cause of action against Kelly there could be fraud such as is alleged, for the reason that the specific acts advanced as wrongful would then be robbed of their impropriety, if indeed they ever had any. The only theory, therefore, upon which they can be regarded as approaching impropriety, is that Kelly did not owe the plaintiffs—thus virtually trying over again, in the courts of Illinois, the merits of the Iowa plaintiffs' claim against the appellee. That this can not be done, even in a suit where the validity of the foreign judgment is directly called into question, as for instance upon a suit to recover under it where the parties are the same, is apparent from the following: Baker v. Palmer, 83 Ill. 568; Wilson, Ex., v. Deen, 121 U. S. 525; Black on Judgments, Sec. 813; also Sec. 844, Sec. 920, Sec. 921; Story on Conflict of Laws, Sec. 607; Bigelow on Estoppel, 187; Freeman on Judgments, Sec. 597; Rorer on Inter-State Law, 129.

With how much less reason can the merits of the claim of the Iowa plaintiffs be inquired into in a collateral proceeding in Illinois, and that, too, in a cause in which such Iowa plaintiffs are not even parties.   Black on Judgments, Sec. 290, Sec. 296; Rorer on Inter-State Law, 90.

But admitting, for the sake of the argument, that the judgment against the garnishee can be attacked in Illinois for fraud, as attempted by the appellee, we assert that there is not one particle of competent evidence in the whole record in support of their claim, while it abounds in conclusive evidence to the contrary.   Admit, as proven, if need be, all the facts sought to be established by the appellee in support of their claim of fraud.   They are that the plaintiffs in the suit against Kelly in Iowa are relatives of one of the officers of the S. Dwight Eaton Co.; that S. Dwight Eaton represented to the plaintiff in this suit, months before any litigation arose, that he owned the engine, for the wrongful seizure of which the Iowa suit was brought, and that two of the plaintiffs in the Iowa case were stockholders, while the third had no interest in this corporation.   We say, what of it? Measure these alleged facts in the light of the well established rules in Illinois.   Fraud must be alleged and proved. Roth v. Roth, 104 Ill. 47; Baker v. Palmer, 83 Ill. 568.

Messrs. KARRAKER & LINGLE, for appellee.

That in an action on a sister State judgment, the plea of fraud in obtaining the judgment presents a proper defense, we cite Lawrence v. Jarvis, 32 Ill. 304; Jones v. Warner, 81 Ill. 343; Bimeler v. Dawson, 4 Scam. (Ill.) 536; Welch v. Sykes, 3 Gilm. 197; Sharman v. Morton, 31 Ga. 34; S. C., 39 Am. Dec. 430; Rogers v. Gwinn, 21 Ia. 58; Dunlap v. Cody, 31 Ia. 260; Marx v. Fore, 51 Mo. 69; Ward v. Quinlivin, 57 Mo. 425; Eaton v. Hasty, 6 Neb. 419; S. C., 29 Am. Rep. 365; Keeler v. Elston, 22 Neb. 310; Davis v. Headley, 22 N. J. Eq. 115; Stanton v. Crosby, 9 Hun (N. Y.), 370; Dobson v. Pearce, 12 N. Y. 156; Kinnier v. Kinnier, 45 N. Y. 535; Hunt v. Hunt, 72 N. Y. 217; Coffee v. Neeley, 2 Heisk. (Tenn.) 304; Turley v. Taylor, 6 Baxt. (Tenn.) 376; Buford

v. Buford, 4 Munf. (Va.) 241; Brown v. Parker, 28 Wis. 21; Whetstone v. Whetstone, 31 Ia. 276.

And this is the general doctrine, in actions *in personam*, where the record shows personal service, or appearance. The court say in Jones v. Warner, 81 Ill. 343, that "Where the party was not an inhabitant of the State where the judgment or decree was rendered, and was not in the State, and was not personally served with process, and did not enter his appearance, the judgment or decree is but *prima facie* evidence in the courts of this State, and the party may show the court rendering such judgment or decree did not acquire jurisdiction, or he may go behind the judgment or decree, and show there was no ground for a recovery." In this case, Kelly was not a resident of Iowa, was not in the State, was not served with process, nor did he enter his appearance, and to hold that fraud and collusion in obtaining a judgment under such circumstances is no defense, is to be at war with the fundamental proposition that every man shall have his "day in court." To do so would be disastrous in the extreme, and make every court in the land a fertile field for fraud. Appellee is well aware of the force given to judgments *in rem*.

Appellant quotes the general rule as recited by the court in Roth v. Roth, 104 Ill. 46, but omits to say, as is said by the court, that "The limitation to this rule is, that it may be shown that such judgment or decree was obtained by means of fraud."

Counsel for appellant assumes to have discovered a new meaning in the constitutional provision of "full faith and credit," etc. Let us quote Fuller, C. J., who in Cole v. Cunningham, 133 U. S. 107, thus summarizes the status of judgments of other States: "This does not prevent an inquiry into the jurisdiction of the court in which a judgment is rendered, to pronounce the judgment, nor into the right of the State to exercise authority over the parties or the subject-matter, nor whether the judgment is founded in, and impeachable for, a manifest fraud. The constitution did not mean to confer any new power on the States, but simply to

regulate the effect of their acknowledged jurisdiction over persons and things within their territory. It did not make the judgments of the States domestic judgments to all intents and purposes, but only gave a general validity, faith and credit to them as evidence."

If the garnishee colludes with the attachment plaintiff, the judgment will not be considered conclusive against his creditor. Coates v. Roberts, 4 Rawle, 100; Seward v. Heflin, 20 Vermont, 144.

The garnishee under the record introduced by it, is entitled to no protection, because the record shows no execution was issued. The payment was voluntary. Any payment not made under execution will be regarded as voluntary, and will avail the garnishee nothing. Wetter v. Rucker, 1 Broderip & Bingham, 491; Home Mutual Ins. Co. v. Gamble, 14 Mo. 407.

Appellant seeks to invoke the principle of *res adjudicata* to sustain fraud.

Appellant next complains that the fraudulent acts set forth in the replication are insufficient. We again reply that appellant took issue with said charges, admitting them to be sufficient if true, and tried the case upon the theory that they were untrue. It should have stood by its demurrer. McLaughlin v. The People, 17 Ill. App. 306; C. & A. R. R. Co. v. Connors, *supra*.

Mr. Justice Green. Robert Kelly brought this suit in attachment against S. Dwight Eaton Company, a non-resident corporation, to recover for work and labor and board of men employed by appellant in certain work it was doing for the Mobile & Ohio Railroad Co., which latter company was summoned as garnishee. Appellee had, before commencing this suit, brought suit for the same claim against S. Dwight Eaton individually, and attached as his property an engine used on said work. William D., Walter B. and Elizabeth Eaton notified the sheriff they owned said engine, having leased it to appellant, and a trial of the rights of property by jury resulted in a verdict finding said engine

was not subject to the attachment, and Kelly submitted to a non-suit. To the declaration in the present suit appellant pleaded the general issue and a special plea setting up that a suit in attachment had been brought in the District Court at Burlington, Iowa, by said William D., Walter B. and Elizabeth Eaton against Kelly, to recover damages on account of the wrongful seizure, detention of, and damage to their engine, attached as the property of S. Dwight Eaton in Kelly's suit against him; that on November 6, 1890, appellant was, in Des Moines County, Iowa, served with garnishment process, and pursuant to said summons appeared in said District Court, and filed its answer as garnishee at the January term, 1891, and on May 12, 1891, withdrew that answer by leave of the court, and filed an answer admitting it was indebted to Robert P. Kelly in the sum of $277.60 for indebtedness contracted in Illinois, and setting up the fact that said Kelly had in March, 1891, commenced suit in Union County, Illinois, against appellant to recover said indebtedness, and prayed to be discharged as garnishee; that William D. Eaton et al. took issue upon said answer, of which proceeding Kelly was notified; that at the September term, 1891, said Wm. D. Eaton et al. recovered judgment against Kelly for $1,200 damages, and costs of suit; that at the same term, on the trial of the issue upon the answer of said garnishee, the court adjudged said garnishee was indebted to Kelly in the sum of $615.27 for board, teams and labor furnished said S. Dwight Eaton Co. by him at its work on the Mobile & Ohio railroad, and default having been entered against Kelly it was ordered and adjudged by said District Court that said debt be condemned and the amount thereof be applied to the satisfaction of the judgment against Kelly, and that said Wm. D. Eaton et al. have and recover of said garnishee the sum of $615.27; that on October 12, 1891, said garnishee paid said sum to the clerk of said District Court. Plaintiff joined issue on the first plea and replied to special plea, *nul tiel record;* that said District Court did not have jurisdiction of the subject-matter, or of the person of Kelly, and did not acquire jurisdiction

S. Dwight Eaton Co. v. Kelly.

by service of summons or publication of notice; that said recovery in said plea mentioned was obtained by fraud and circumvention, setting up in detail the facts relied upon to establish such fraud, and that said suit was not tried upon the merits and said Kelly was not ·a party to said suit, and had no due and timely notice. To these several replications proper rejoinders were filed, and upon the issues joined a trial was had, a verdict in favor of appellee for $615.27 was returned, judgment was entered for that amount and costs of suit against the defendant, and it took this appeal.

It appears by the evidence in the record, that the attachment suit was commenced and proceeded to final judgment in the District Court of Iowa, against the appellant as garnishee of Kelly, as averred in the special plea; that Kelly was brought in by publication, as provided by the law of Iowa, and was also notified by the appellant in writing on June 24, 1891, that the amount due him by it had been garnisheed by the Eatons as plaintiffs in said suit against Kelly in the District Court, and that said plaintiffs claimed in said suit the sum of $2,450, for damage sustained by reason of the unlawful seizure and ·detention of the engine attached in his suit against S. Dwight Eaton, in Union County, Illinois; that the next term of said District Court convened at Burlington, Iowa, September 7, 1891, and if Kelly failed to appear on the second day of said term and set up any defense he had in said suit, default would be entered against him, and such sums as were due him from S. Dwight Eaton Company would be subjected to the payment of such judgment as might be rendered against him.

The only questions we deem it essential to decide are, first, whether the judgment against appellant, as garnishee, and the payment thereof by it, set up a full defense against the debt sued for in this case; second, whether said judgment of a sister State can be impeached for fraud and circumvention in obtaining it; and third, whether the appellee established by the evidence such fraud as impeached said judgment.

These questions we will dispose of in the order above

named. Where a judgment has been rendered against a garnishee in one State, upon regular proceedings had in a court invested with jurisdiction of the cause and parties, and without any collusion between the plaintiff and the garnishee, such judgment is binding and conclusive in every other State, and constitutes a complete defense to the garnishee when sued for the same debt by his original creditor. Black on Judgments, Sec. 293, Chap. 22; Freeman on Judgments, Sec. 167.

In Allen v. Watt, 79 Ill. 288, it was held, where a debt had been recovered from a debtor by garnishee process under an attachment proceeding in a court of competent jurisdiction in Ohio, the recovery is a protection in this State to the garnishee against his original creditor. In the case cited it appeared Watt was made defendant in the attachment proceeding and was brought in by publication.

As to the second question we are inclined to hold the judgment of a sister State may be impeached for fraud and circumvention in obtaining it. Lawrence v. Jarvis, 32 Ill. 304, Jones v. Warner, 81 Ill. 343, and other cases decided by our Supreme Court, hold it may be done; and in 2 Freeman on Judgments, Sec. 576, it is said: "As no judgment or decree is entitled to greater faith or credit in another State than in the State where it is rendered, it must be that if it was procured by fraud, its operation in another State can be prevented by some appropriate proceeding." But we are not satisfied that the evidence established fraud and circumvention in obtaining the judgment set up in said replication. The evidence shows that the District Court of Iowa had jurisdiction of Kelly by publication, and of the garnishee by service of process upon it. That said court had jurisdiction of the subject-matter, and that the suit was brought to recover damages for the wrongful seizure and detention of an engine which was wrongfully seized and detained in the attachment proceeding commenced by Kelly in this State. The garnishee answered in the court of Iowa, as he was by law compelled to do, and Kelly was not kept in ignorance of the proceedings, but was notified by

the appellant of the pendency of said suit, and of the consequences of his failure to appear and set up his defense in ample time to have done so. There does not appear to have been any concealment of the fact the suit had been brought and appellant summoned as garnishee.

We fail to find from the evidence that any fraud was practiced either by the garnishee itself or in collusion with the plaintiffs in the said cause in obtaining the said judgment.

Entertaining this view we must decide the third question in the negative, and hold the judgment of the District Court of Iowa against appellant as garnishee and the payment thereof by appellant, furnished a complete defense against the indebtedness sued for in this case.

Hence it was error to overrule appellant's motion for a new trial and enter the judgment appealed from.

The judgment is reversed and cause remanded.

*Reversed and remanded.*