## Rufus H. Pilcher v. Alfred B. Graham.

1. JURISDICTION NOT TO BE ACQUIRED BY ENTICING DEFENDANT TO ANOTHER STATE.

> One who induces another to come into a jurisdiction to consult over their controversy cannot have him served with summons, until after a reasonable time for departure from the jurisdicton has elapsed, after the termination of the business on which he was invited to come, and where the party is enticed or decoyed into the jurisdiction of a court, or induced to come by any device, and advantage is taken of his presence to serve him with process no jurisdiction over his person is acquired and the service will be set aside.

2. THE JUDGMENT OF THE FOREIGN COURT MAY BE ATTACKED BY ANSWER.

> The defendant in an action against him on a judgment rendered in a court of another state, may allege in his answer that by fraud and misrepresentations he was enticed within the jurisdiction of that court, and for the purpose of serving him with summons, and the judgment taken against him.

ERROR to the Court of Common Pleas of Stark county.

VOORHEES, J.

Action of plaintiff in error was founded upon a judgment rendered in his favor, against the defendant, Graham, in the circuit court of Cook county, Illinois, at its July term, 1897, for the sum of $1,010.75, with interest at six per cent. from July 21, 1897. (A copy of the transcript of the judgment was attached to the petition.)

It is alleged in the petition, that said court is a court of general jurisdiction, having cognizance over the subject-matter of the judgment, and a copy of the laws of said state conferring general jurisdiction on the court was filed with the petition.

It is further averred that said judgment is wholly unpaid, and is still a valid and subsisting judgment against the defendant.

Defendant answered, averring among others, this: That about April 3, 1897, the plaintiff, claiming to be under obligations for favors before that time extended to plaintiff and his son, presented to defendant a deed for certain mining lands in the state of South Dakota. The consideration named in the deed was $2,000.00; but it is averred in the answer, that there was no valuable consideration whatever for said deed. It was agreed between plaintiff and defendant, in case defendant should be able to sell said lands for $2,000.00, defendant should retain $1,000.00, and pay a like sum to plaintiff.

Defendant took possession of said deed under this arrangement. He avers that he was not indebted to the plaintiff in any sum of money whatever for said deed. About the sixth day of June, 1897, plaintiff, for the purpose of cheating and defrauding the defendant, and for the purpose of fraudulently procuring a judgment against him, in the court of Cook county, Illinois, upon a pretended claim for the consideration of said deed, fraudulently wrote to the defendant, who resided and still resides in the city of Canton, Ohio, that he, plaintiff, had made a sale of said lands for $4,000.00; that it was necessary for defendant to immediately come to Chicago to assist in conveying said lands to the purchaser,

and plaintiff would then pay defendant one-half of the consideration price, to-wit: $2,000.00, the money realized from the sale of said lands.

Defendant, believing said sale had been made by plaintiff, and that it was necessary for him to convey said lands to the purchaser, and believing that the representations made by plaintiff to him were true, left his home in Canton and went to Chicago, wholly in pursuance of the request of plaintiff. Immediately upon the arrival of defendant in Chicago, plaintiff fraudulently procured the service of a summons upon him, in a case in the circuit court of said Cook county, in which he, the plaintiff, claimed the sum of $1,000.00 against the defendant.

Defendant further averred, that he was not indebted to the plaintiff in any sum whatever; that plaintiff had not made the sale of said lands, and said representations were made for the sole purpose of fraudulently inducing defendant to come into the jurisdiction of said court, for the purpose of procuring service of a summons upon him in said jurisdiction.

On June 21, 1897, plaintiff, by his agreement in writing with one Wesley Young, the agent of defendant, promised and agreed to extend the time for answer by defendant in said case until August 15, 1897.

Afterwards, on July 21, 1897, plaintiff fraudulently, and in violation of his said agreement, and without the knowledge of defendant, procured the judgment to be rendered against defendant, set forth and described in plaintiff's petition, and by reason thereof, defendant was deprived of making his defense. Said judgment was procured against the defendant by the fraud of plaintiff as aforesaid. Plaintiff filed a general demurrer to the answer, which was overruled.

Plaintiff thereupon replied denying the allegations of the answer.

Upon the issues thus joined trial was had in the common pleas to a jury, resulting in a finding in favor of the defendant. By direction of the court, the jury answered the following interrogatories, and returned the same with their general verdict, viz.:

First: "Was the time knowingly extended for answer to the defendant, by plaintiff, in the case in circuit court of Cook county, Illinois, (Chicago) to August 15, 1897?" Answer, "Yes."

Second: "Was defendant enticed to the city of Chicago in June, 1897, by plaintiff for the purpose of serving him with summons in the action in said circuit court of Cook county, Illinois, the action in which the judgment was rendered in this case?" Answer, "Yes."

Upon these findings of the jury, it was considered by the court that the defendant go hence without day, and recover from plaintiff his costs.

Motion for new trial filed and overruled.

Petition in error is prosecuted to this court, assigning various grounds of error. But one ground is pressed in this court, namely: That the court erred in overruling the plaintiff's demurrer to the answer of defendant. This raises the only material question in the record, and it may be stated as follows: Can the judgment of the Illinois court, upon which the action in this case is founded, be attacked in this way?

It is alleged in the answer, and by the demurrer admitted to be true, that the plaintiff by fraud and fraudulent representations enticed the defendant within the jurisdiction of the Illinois court.

It is also alleged that by fraud the plaintiff took judgment on July 21, 1897, after having agreed, in writing, with the agent of the defendant, that the defendant could have until August 21, 1897, to answer.

It is averred in the answer, that immediately upon the defendant's

arrival at the city of Chicago, he going there upon the representations
of plaintiff, to attend to certain business matters between plaintiff and
defendant, connected with the subject-matter in suit on which the judg-
ment was taken, plaintiff caused him to be served with a summons in
said action.

One who induces another to come into the jurisdiction to consult
over their controversy cannot have him served with summons, until
after a reasonable time for departure from the jurisdiction after the
termination of the business on which he had been invited to come.
Miami Powder Co. v. Griswold, Superior Court of Cincinnati, 5 Dec. Re.,
532.

If a party be enticed or decoyed into the jurisdiction of a court, or
induced to come by any device, and advantage is taken of his presence
to serve him with process, it will be set aside. Jurisdiction of the
person cannot be acquired in this way ; it is a fraud upon the law.

If jurisdiction over the person of defendant were obtained in the
Illinois court, by fraud practiced by plaintiff in enticing him into its
jurisdiction, wherein the judgment set forth in this action was rendered,
can the judgment be assailed in the courts of this state, when that judg-
ment is made the foundation of the cause of action ? We think it can.
This conclusion is sustained by Kingsborough v. Tousley, 56 Ohio St.,
450. It is there held: "In an action on a personal judgment, whether
rendered by a court of this state or elsewhere, it is competent to plead
and prove in defense, though it be in contradiction of the record, that
the defendant was not served with process, nor jurisdiction of his person
otherwise obtained by the court rendering the judgment. Such a defense
is not within the rule which forbids the collateral impeachment of judg-
ments, but is in the nature of a direct attack upon the judgment.

"An answer in such case is not defective, because it fails to state a
defense to the cause of action on which the judgment is founded."

Courts will not sanction any attempt by fraud or misrepresentation
to bring a party within its jurisdiction ; and when a party has been
induced by false statements to come within the jurisdiction of the court,
for the purpose of serving him with a summons in an action in that
court, the service on motion will be set aside. Carpenter v. Spooner, 2
Sandford (N. Y.), p. 717.

When a defendant is brought within reach of the process of a court
by a trick, or by the fraudulent abuse of other process, the service of
the writ will be set aside. Addicks v. Burk, 1 Phila. R., 19; Com. v.
Daniel, 6 Penn. Law Jour., 330; Williams v. Bacon, 10 Wend., 636;
Louis Stein and Adolphe Stein v. Valkenhinpen, 96 English Com. Law
R., 63; Williams v. Reed, 29 N. J. L. R., 385.

In Wanger et al. v. Pright, 52 Ill., 35, the court held:

"That where a party has been fraudulently induced to come within
the jurisdiction of the court so as to render him or his property amenable
to its process, he may have his action therefor. So where a person
residing in another state was induced to come into this state by certain
creditors residing here, falsely representing to him through a telegraphic
dispatch, and a letter under another name, that the person whose name
was so used, desired to see him in Chicago, on a certain day, upon busi-
ness not connected with the real object in view, which was to allure the
party into this state for the purpose of arresting him under civil process
to compel payment or securing of his debt, and when the party came
within the jurisdiction of the courts of this state, in compliance with

such request he was arrested at the instance of the creditors, and imprisoned. It was held that the creditors guilty of such fraudulent conduct and abuse of process not only could not make it availing for the purpose intended, but were liable to an action at the suit of the party injured for the illegal arrest and imprisonment."

Our attention has been called by counsel for plaintiff in error, to the 189 Ills., 311, and specially to page 324, where the court say:

"The prevailing doctrine is, that a plea of fraud is not admissible in actions on judgments of sister states, where there was jurisdiction of the person and subject-matter, unless it can be set up in the court of the state rendering the judgment."

We do not question this principle, but it must be borne in mind, that the essential facts necessary to give the judgment this effect, are jurisdiction of the court over the subject-matter, and over the person.

These are open to inquiry, and if it appears that either was wanting, the judgment is not conclusive; and the facts may be pleaded in an action on the judgment. Lawrence v. Jarvis, 32 Ill., 304–305.

Our conclusions are, that the court of common pleas did not err in overruling the demurrer to defendant's answer, and on the findings of fact by the jury there was no error in overruling the motion for a new trial.

Judgment is affirmed.

*W. C. Pippitt* and *Shaver & Shaver*, for plaintiff in error.

*Welty & Albaugh*, for defendant in error.